AO 91 (Rev. 01/09) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Southern District of Ohio

FILED
RICHARD W. NAGEL
CLERK OF COURT

16 DEC 16 PM 3:31

U.S. DISTRICT COURT
SOUTHERN DIST OHIO
WEST DIV CINCINNATI

United States of America )
v. )
)  Case No.
RICHARD LEE DEVITO )
) 1:16MJ -723
_Defendant_ )

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date of  12/16/2016  in the county of  CLERMONT  in the  SOUTHERN  District of  OHIO , the defendant violated  18  U. S. C. §  2251(a) , an offense described as follows:

18 U.S.C. 2251(a) and (e) - Production of Child Pornography; and
18 U.S.C. 2252A(a)(5)(B) & (b)(2) - Possesion of Child Pornography.

SEE ATTACHMENT A.

This criminal complaint is based on these facts:

[SEE ATTACHED AFFIDAVIT]

☒ Continued on the attached sheet.

_Complainant's signature_

SA Jonathan P. R. Jones, FBI
_Printed name and title_

Sworn to before me and signed in my presence.

Date:  12/16/2016

_Judge's signature_

City and state:  Cincinnati, OH  Hon. Karen L. Litkovitz, U.S. Magistrate Judge
_Printed name and title_

## AFFIDAVIT IN SUPPORT OF CRIMININAL COMPLAINT

I, Jonathan P. R. Jones, a Special Agent with the Federal Bureau of Investigation, being first duly sworn, hereby depose and state as follows:

### INTRODUCTION

1. I am a Special Agent with the Federal Bureau of Investigation. I entered on duty as a special agent in 2007 and am currently assigned to the violent crime squad of the Cincinnati Division. In this capacity, I investigate matters involving crimes against children, human trafficking, criminal enterprises, and other violent crimes. Prior to Cincinnati, I was assigned to the Toledo Resident Agency and the Lima Resident Agency of the Cleveland Division, where I was assigned a wide array of criminal and national security matters. During my tenure as a law enforcement officer, I have investigated a range of state and federal criminal violations, including those involving white-collar crime, violent crime, drug trafficking, crimes against children matters, and national security investigations. Since 2006, I have received training and have experience in interviewing and interrogation techniques, arrest procedures, search and seizure, search warrant applications, and various other crimes and investigation techniques, to include several Title III investigations.

2. Prior to my employment as a Special Agent with the FBI, I worked for the United States Navy as a civilian employee from 2002 to 2006, in the capacity of an industrial engineer, where I focused on the procurement of military aircraft. Prior to my work with the United States Navy, I was full-time student. I graduated in 2002 from The Ohio State University with a Bachelor's degree in Industrial and Systems Engineering.

1

3. Along with other agents and officers of the Federal Bureau of Investigation and other law enforcement agenices, I am currently involved in an investigation of the production of child pornography and possession of child pornography by RICHARD LEE DEVITO (hereinafter referred to as "DEVITO"). This Affidavit is submitted in support of a criminal complaint.

4. As part of the investigation, I have reviewed documentation and reports provided by and discussed information with other officers involved in the investigation. For purposes of this Affidavit, I have not distinguished between information of which I have direct knowledge and that of which I have hearsay knowledge.

5. This Affidavit does not contain every fact known to the investigation, but only those deemed necessary to demonstrate sufficient probable cause to support the charge alleged in the complaint.

## PERTINENT FEDERAL CRIMINAL STATUTES

6. 18 U.S.C. § 2252A(a)(5)(B) states that it is a violation for any person to knowingly possess, or knowingly access with intent to view, any book, magazine, periodical, film, videotape, computer, disk, or any other material that contains an image of child pornography that has been mailed, or shipped or transported using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce by any means, including by computer, that was produced using materials that have been mailed, or shipped or transported in or affecting interstate or foreign commerce by any means, including by computer.

7. 18 U.S.C. §§ 2251(a) and (e) states that it is a violation for any person to knowingly employ, use, persuade, induce, entice, or coerce any minor to engage in, or to have a minor assist any other person to engage in, or to transport any minor in or affecting interstate or foreign commerce, or in any Territory or Possession of the United States, with the intent that such minor engage in any sexually explicit conduct for the purpose of producing any visual depiction of such conduct or for the purpose of transmitting a live visual depiction of such conduct, when he knew or had reason to know that such visual depiction will be transported or transmitted using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce or mailed, if that visual depiction was produced or transmitted using materials that have been mailed, shipped, or transported in or affecting interstate or foreign commerce by any means, including by computer, or if such visual depiction has actually been transported or transmitted using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce or mailed, or attempts or conspires to do so.

8. For purposes of these statutes, the term "sexually explicit conduct" is defined in 18 U.S.C. § 2256(2) as:

   a. "Actual or simulated –

      i. Sexual intercourse, including genital-genital, oral-genital, anal-genital, or oral-anal, whether between persons of the same or opposite sex;
      ii. Bestiality;
      iii. Masturbation;
      iv. Sadistic or masochistic abuse; or
      v. Lascivious exhibition of genitals or pubic area of any person."

3

## BACKGROUND OF INVESTIGATION

9. On August 12, 2016, the Lubbock Police Department, Lubbock, Texas, responded to the residence of an identified adult female ("Rachel") relating to her eight-year-old daughter, who will be referred to for purposes of this affidavit as "Minor Victim A."

10. Approximately one week prior to August 12, 2016, Rachel purchased Minor Victim A an Apple IPOD.

11. On August 12, 2016, Rachel observed messages between Minor Victim A and an unknown individual, using the screen name of "M" and an ooVoo ID of "whitesquare121," which were sent through an application called "ooVoo". The messages were sexually explicit. Rachel also observed sexually explicit videos Minor Victim A sent to "whitesquare121."

12. OoVoo is a free application supported on Apple products, such as iPhones and iPads, along with other digital media platforms such as Android & Windows phones and tablets, in addition to Mac and PC computers. The ooVoo's website advised the application provides unencrypted free video chat, messaging, and voice calls. A description of the application located at the ooVoo and the iTunes website advised the video chat feature can be used with up to 12 people at a time. The application's messaging feature allows in-app messaging to send text, GIFs (mobile only), pictures, and videos, during video calls. The websites further advised ooVoo provides cross-platform, cross-device support, so users can talk to others regardless of whether they're on a phone, tablet, or computer. A history of video calls, video messages, and texts is stored in a cloud account, but can be accessed on any device a user is logged into. The ooVoo website

advised video calls can be recorded and saved to a history folder on the user's device. The recorded files can later be reviewed, shared with other users, or downloaded to the user's computer. Video messages can be sent to other ooVoo users within the application or sent to an email address where the message can be accessed via a website link.

13. The aforementioned messages between Minor Victim A and "whitesquare121" appeared to be dated from on or about August 6, 2016 thru August 11, 2016. Some of the messages "whitesquare121" sent the minor included the individual asking what clothing Minor Victim A was wearing (including her underwear). Some of the specific messages "whitesquare121" sent her stated the following: "Want my penis in you?"; "Show me what underwear u have on"; "Are you going to show your butt babe"; "Want to 3 way call I'll show you my peniss lol"; "Do you guys want to see my penis? Or porn?"; "Let me see you twerk baby"; "Pull your pants down baby I cant see". During the course of having these communications, Minor Victim A sent "whitesquare121" a video of her "twerking" without any clothing on. Minor Victim A exposed her vagina and anus to the camera during the video. "whitesquare121" responded stating, "You're the best baby I love you pussy" and "Rub it for me".

14. In some additional messages sent by "whitesquare121", the individual asked Minor Victim A, "Want to play?" Minor Victim A responded, "play what" followed by him telling her "With my penis." Minor Victim A told "whitesquare121" "yes". The individual then sent Minor Victim A a message stating, "Slide your panties down baby" and "I need your pussy". Minor Victim A then sent "whitesquare121" a video message of her exposed vagina and anus.

15. During an interview with LPD investigators, Minor Victim A advised she does not know

who "whitesquare121" is and has never seen or met this individual in person. Minor Victim A advised she met "whitesquare121" through the "ooVoo" app and that individual initially sent her a friend request through the app. Minor Victim A advised "whitesquare121" has only sent her one picture of themselves, although the picture was of a female. Minor Victim A told "whitesquare121" she was 8 years old and the individual claimed to be a 13-year-old female.

16. Minor Victim A's iPod was seized and the password was obtained to the device. Pursuant to consent to search granted by Minor Victim A parent, LPD investigators completed a exam of the aforementioned iPod. This included investigators obtaining screenshots of Minor Victim A's communication with "whitesquare121' in the ooVoo application, in addition to pictures and videos exchanged between "whitesquare121' and Minor Victim A. The examination also confirmed that the ooVoo ID of "whitesquare121" was associated with the Display Name of "M" who had communicated with Minor Victim A.

17. On August 22, 2016, LPD Juvenile Detective Jason Hancock sent an Administrative Subpoena to ooVoo.com. The subpoena requested any subscriber information for the user with the screen name "whitesquare121". Later that day Hancock received a return on from ooVoo.com. The information provided identified ooVoo ID "whitesquare121" with a Display Name of "M" was registered on February 23, 2016 from IP address 71.67.128.119. Additionally, user history was provided for "whitesquare121" showing logins from an iPhone, with the MAC address of 45700EB3-5734-42CE-8717-6E47E67C8F33, on August 13, 2016 and August 14, 2016. On August 13, 2016 at 10:49 EST a login occurred from IP address 107.77.194.90 and on August 14, 2016 at 1:19 EST

a login occurred from IP address 75.185.245.52.

18. Investigation determined the IP Address used when the account was registered returned to Time Warner Cable and was geo-located in Wilmington, OH. The IP address from August 13, 2016, returned to an AT&T Wireless account 107.77.194.90. The IP address from August 14, 2016, 75.185.245.52, returned to Time Warner Cable in Batavia, OH. The two IP Addresses from Time Warner Cable were 75.185.245.52 and 71.67.128.119.

19. Administrative subpoenas were sent to AT&T Wireless and Time Warner Cable requesting subscriber information for those IP Addresses. On August 29, 2016, AT&T advised that the IP Address associated with them was used by mobile devices and they were not able to provide any subscriber information. The IP Addresses with Time Warner Cable, 75.185.245.52 and 71.67.128.119, returned to Rick Devito, 1187 Muirwood Lane, Batavia, OH 45103, telephone numbers 513-718-[four digits redacted] and 513-254-[four digits redacted].

20. Detective Hancock performed a CLEAR search on Rick Devito which revealed he resides at 1187 Muirwood Lane, Batavia, OH 45103. An Ohio drivers license check revealed Richard Lee Devito, [date of birth redacted], age 32, resides at 1187 Muirwood Lane, Batavia, OH 45103.

21. On the morning of December 12, 2016, FBI Cincinnati Task Force Officer Mary Braun conducted surveillance of the Muirwood Lane residence. An adult male matching the likeness of Richard Devito and an adult female matching the likeness of his spouse were observed exiting the residence and entering separate vehicles. Devito entered a black colored Ford pickup truck ("FORD TRUCK"), which was registered to Devito at the residence. Devito was subsequently followed to a manufacturing facility in Florence,

Kentucky area.

22. This affiant has reviewed the files which were obtained from minor victim A's iPod during the LPD investigation. The files included two videos of a prepubescent female minor engaged in sexually explicit conduct which consisted of the lascivious exhibition of the minor's genitals which is consistent within the definition of child pornography as described in Title 18 U.S.C 2251, 2251A, 2252, and 2252A.

23. On December 16, 2016 while executing a search warrant at DEVITO's residence, Among other items, the following was seized from DEVITO's residence during the search:

   a. HP Pavillion laptop, located in the FORD TRUCK
   b. iPhone 6 Model #A1549, imei 352020072697644, located in DEVITO's Residence

24. During execution of the search warrant, DEVITO was located in the residence and agreed to be interviewed by agents. During the interview, Devito identified his personal iphone. He was repeatedly requested to unlock the device. He briefly unlocked the device, and your affiant observed a picture displayed on the screen of what appeared to be the naked butt of a female of unknown age. Devito immediately closed the device. Although he repeatedly indicated he would again unlock the device or provide the PIN code, he declined to do so. A review of the device by technically trained agents indicates the device may be unlocked via a PIN or fingerprint. Agents observed some, but not all, of the numbers entered by Devito wen he unlocked the device. Agents believed the sequence was close to Devito's date of birth and unsuccessfully attempted to unlock the device one-time by entering in Devitos date of birth.

8

25. During the interview, Devito further advised he did have the ooVoo application on his cell phone. He further admitted to making contact with minors on the device. He advised he initiated contact with them by reviewing a directory of users in the application. However, Devito did not make any admissions to requesting or receiving images or videos from the minors.

26. Additionally, a second iphone was located in the residence which Devito identified as his work iPhone. He was requested to unlock the device. Although he indicated he would unlock the device or provide the PIN code he declined to do so. A review of the second device by technically trained agents indicates the device may only be unlocked via a PIN.

27. During a search of the residence, a container was located in a desk drawer of the home office. The container contained four pairs of small thong underwear. Agents showed the garments to Devito's spouse who advised the garments did not belong to her. A preview of a desktop computer in the home office located pornography on the device, but a sampling of images by agents has not as yet identified any child pornography.

28. At the time of the search, the FORD TRUCK was parked in the side yard of the residence just off the driveway. During a search of the vehicle a HP Paviliion laptop computer was located in a rear pocket of the driver's seat. A preview of the device was conducted by technically trained agents at the search location. Over 50,000 images were located on the device. Agents were able to review a sample of those images. A significant portion of the photographs depicted minors   During that review agents observed photographs of child pornography or minors engaged in sexually explicit conduct as defined in Title 18 U.S.C. § 2256. Agents observed a series of photographs which depicted pre-pubescent

females in sexually suggestive positions. Another series of photos depicted a minor male and a minor female together in sexually suggestive positions and engaged in sexual contact. Another series of photos depicted two minor females together in sexually suggestive positions and engaged in sexual contact. One photograph was observed of an adult male engaged in sexual contact with a minor female.

29. As part of the investigation, I have identified that iPhones are manufactured outside the state of Ohio. The iPhone that was seized from DEVITO as part of the search warrant on December 16, 2016, is stamped as being made in China. The HP Pavillion laptop is stamped as being made in China.

## CONCLUSION

30. Based on the above noted images recovered from DEVITO's laptop; the information provided by Minor Victim A and messages and videos found on her iPod; the statements provided by DEVITO; the items seized during the search warrants; and other information noted in this Affidavit, I submit that there is probable cause to believe that DEVITO produced child pornography depicting Minor Female A in violation of 18 U.S.C. §§ 2251(a) and (e) as well as possessed child pornography in violation of 18 U.S.C. §§ 2252A(a)(5)(B) & 2252A(b)(2).

31. I therefore respectfully request that a criminal complaint be granted upon this affidavit.

Special Agent Jonathan P.R. Jones
Federal Bureau of Investigation

SUBSCRIBED and SWORN
before me this 16th of December 2016

_____
KAREN L. LITKOVITZ
UNITED STATES MAGISTRATE JUDGE

## ATTACHMENT A

### COUNT ONE
[18 U.S.C. §2251(a) & (e)]

Between on or about August 6th, 2016 and August 11th, 2016, in the Southern District of Ohio and elsewhere, defendant, RICHARD LEE DEVITO, employed, used, persuaded, induced, enticed, and coerced a minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct, which visual depiction was produced using materials that had been mailed, shipped, and transported in interstate and foreign commerce.

In violation of Title 18, United States Code, Section 2251(a) and (e).

### COUNT TWO
[18 U.S.C. §2252A(a)(5)(B)]

On or about December 16th, 2016, in the Southern District of Ohio, the defendant, RICHARD LEE DEVITO, did knowingly possess material which contains an image of child pornography, as defined in Title 18, United States Code, Section 2256(8)(A), that involved a prepubescent minor, and which was produced using materials that had been mailed, shipped and transported in and affecting interstate and foreign commerce, including by computer.

In violation of Title 18, United States Code, Section 2252A(a)(5)(B) and 2252A(b)(2).