**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | **CASE NO. 16-CR-115-SJD** |
| **Plaintiff,** | **JUDGE DLOTT** |
| **vs.** | |
| **RICHARD LEE DEVITO,** | **Sentencing Memorandum** |
| **Defendant.** | |

## I.      Procedural Background & Sentencing Guidelines

Defendant, Richard Lee Devito, pled guilty to one count of Sexual Exploitation of Children in violation of 18 U.S.C. § 2251(a).   Pursuant to an 11(c)(1)(A) plea agreement, the defendant faces a sentence of 15 up to 30 years imprisonment and the United States will dismiss Count 2 of the indictment, which alleged Possession of Child Pornography in violation of 18 U.S.C. § 2252A(a)(5)(b) and (b)(2), for which he would have faced up to an additional 20 years. As currently calculated in the presentence report (PSR), the defendant's criminal history category is I and his offense is reduced from level 49 to the guideline maximum 43.  Typically, this would result in a recommended life sentence, however, Mr. Devito's advisory guideline range is further reduced to the statutory maximum of 30 years.

Given that the typical guideline recommendation for Mr. Devito's offense level is life, the recommended guideline range of 30 years is only this low because of his plea agreement. Had the United States insisted Mr. Devito  plead to the Possession of Child Pornography charge in Count 2, he would have faced a guideline recommendation of 50 years.  Further, had the United States alleged and insisted on guilty pleas to additional counts of Production of Child

Pornography under § 2251 (of which there are numerous), his guideline range would have increased by the statutory maximum of 30 years per count (e.g. two more counts would result in a guideline range of 90 years, three counts in 120 years, and so forth). This connection between the available statutory maximums and the guidelines speaks to how seriously Congress views his conduct and how favorable of a plea agreement he has obtained.

Finally, with 34 victims of Mr. Devito's conduct, the guidelines suggest an upward departure is warranted. U.S.S.G. 2G2.1, Commentary Note 8 (" An upward departure may be warranted if the offense involved more than 10 minors.")

## II.     Sentencing Factors

The United States Sentencing Guidelines are advisory, but they remain "the starting point and the initial benchmark" in sentencing. *Gall v. United States,* 552 U.S. 38, 49-50 (2007). The Guidelines must be properly calculated and considered, but ultimately the Court must craft a sentence that sufficiently accounts for the sentencing factors and objectives outlined in 18 U.S.C. § 3553(a). *Id*. at 49-50. Substantive reasonableness requires the sentence imposed by the district court to be reasonable based upon the totality of the circumstances. *Id* at 51. The factors to be considered under 18 U.S.C. § 3553(a) include the nature and circumstances of the offense, the history and characteristics of the defendant, the seriousness of the offense, the need to deter the defendant and others, and the need to protect the public from the defendant's crimes.

### A.     Nature and Circumstances of the Offense

The defendant's crimes are well documented in the Plea Agreement and in the Presentence Investigation Report ("PSR"). Clearly, the defendant is not an average child pornography offender.   An individualized assessment of the defendant's behavior reflects

several aggravating factors. The defendant's number of minor victims, his numerous communications with and solicitations of minors online of a period of years, the sheer time and energy he put into communicating with minors online, the size of his overall child pornography collection, and his lengthy history of viewing child pornography all reflect that he is not in the heartland of child pornography offenders. Indeed, between his two identified accounts on ooVoo, Mr. Devito had over 1,300 pages of chats with predominately (if not entirely) Minors.[1]

### 1. Minor Victim A

Using the username "Whitesquare121" on the now defunct social media application ooVoo, Mr. Devito communicated with Minor Victim A, an 8 year old girl from Texas, daily from July 18th through August 12th of 2016. (See Spreadsheet ooVoo Chats with Minor Victim A.) During this span, they exchanged over 2400 messages. (*Id*.) These messages included an almost daily solicitation by Mr. Devito for videos depicting specific sexually explicit conduct from the 8 year old. (*Id*.) On the ooVoo application alone, Minor Victim A sent Mr. Devito 37 videos of her engaged in sexually explicit conduct. Additionally, they also used the ooVoo Live video chat feature of the application to communicate through real-time video conference calls. During these calls, Mr. Devito would show Minor Victim A pornography and request that she engage in sexually explicit conduct. This provided Mr. Devito with the opportunity to screen capture or record her live sexual exploitation. In total, the FBI found 67 videos and over 1,700 images of Minor Victim A on Mr. Devito's iPhone.

By showing Minor Victim A pornography, Mr. Devito was able to use her curiosity to normalize the sexual behavior and encourage her to engage in her own sexually explicit conduct

---

[1] Pursuant to federal search warrants, after his arrest ooVoo provided 942 pages worth of communications for the "Whitesquare121" account and 442 pages for the "Gladitssummer133" account. Notably, ooVoo's servers saved all communications sent over the applications with the exception of the ooVoo Live feature which was a real-time video call between parties.

for him over the video conference. While we do not know what Mr. Devito said to the minors during the video chats, we do know what messages he sent over ooVoo's chat feature. The nature of these communications with the minors are beyond disturbing.

The following is just a brief portion of the conversation Mr. Devito's had with Minor Victim A on the first day (July 18, 2016) they communicated over ooVoo:

| |
|---|
| Mr. Devito Msg: Show me yours and I'll show more |
| Minor Victim A Msg: More of what |
| Mr. Devito Msg: With your underwear off |
| Minor Victim A Msg: K call me |
| Mr. Devito Msg: Pull them down |
| Mr. Devito Msg: K I'll show more when you pull your shorts down |
| Mr. Devito Msg: Are you going to |
| Mr. Devito Msg: Call me later when you want to do it |
| Mr. Devito Msg: How come you never smile lol |
| Minor Victim A Msg: Very funny |
| Mr. Devito Msg: I like this video? |
| Minor Victim A Msg: Yes do more |
| Mr. Devito Msg: I will after you pull yours open |
| Minor Victim A Msg: I will I am right now |
| Mr. Devito Msg: Let me see you pee |
| Minor Victim A Msg: Sorry I already went |
| Mr. Devito Msg: Show from behind again |
| Mr. Devito Msg: Show from behind like before |
| Minor Victim A Msg: K |
| Mr. Devito Msg: Ready for white stuff? |
| Minor Victim A Msg: Am I sexy????? |
| Mr. Devito Msg: Your so sexy I wish I was there to grab your butt when u twerked[2] |

(See ooVoo spreadsheet lines 26-47.)[3]

Mr. Devito's predatory conduct only increased in the ensuing conversations. Minor Victim A explained how her 7 year old cousin (Minor Victim B) had come to visit her. Sensing an opportunity to normalize sexual conduct with another minor, Mr. Devito asked, "Did you

---

[2] "Twerk" is a dance move involving thrusting hip movements in a low squatting stance.
[3] The message content is verbatim with no corrections for grammar or spelling.

show her my penis lol." (*Id.* at line 162.) The girls then sent Mr. Devito several videos of themselves asking if they were sexy. After the girls sent Mr. Devito a video of them in their underwear, the following conversation occurred (July 26, 2016):

| |
|---|
| Mr. Devito Msg: Do that same view but pull your underwear down |
| Minor Victim A Msg: "Minor Victim B"[4] said she is to shy |
| Minor Victim A Msg: But I will do it |
| Mr. Devito Msg: Aww tell her I double dare her |
| Mr. Devito Msg: It's not like anyone can see us in here |
| Minor Victim A Msg: She still said no |
| Mr. Devito Msg: She already showed it the other day anyway :/ |
| Minor Victim A Msg: I will do it |
| Mr. Devito Msg: K go sexy show her how it's done |
| Minor Victim A Media link: (A video depicting child pornography of Minor Victim A's anus and genitalia) |
| Minor Victim A Msg: Is "Minor Victim B" sexy |
| Mr. Devito Msg: I don't know yet to be sexy you have to pull your underwear down |
| Mr. Devito Msg: Let "Minor Victim B" hold the camera closer when you pull down your underwear |
| Minor Victim A Media link: (A video depicting Minor Victims A and B's anus.) |
| Mr. Devito Msg: Get closer "Minor Victim B" I didn't see it |
| Minor Victim A Media link: (A video depicting Minor Victim A's anus.) |
| Minor Victim A Msg: There |
| Mr. Devito Msg: Bend over more I can't see anything |
| Mr. Devito Msg: Are u teaching her how to twerk ;) |
| Minor Victim A Msg: Yes but she's bad at it |
| Mr. Devito Msg: Nah she's not that bad. Just needs to bend over better like u do when u pull your underwear down. I can't see -542 |
| Minor Victim A Media link: (A video depicting the naked buttock of Minor Victim B and Minor Victim A then pulls her underwear completely down.) |
| Minor Victim A Msg: Is she sexy now because I don't think |
| Mr. Devito Msg: Turn over and open your legs as wide as you can like the splits |
| Minor Victim A Media link: (A video of Minor Victim B depicting child pornography) |
| Mr. Devito Msg: Was that you pulling "Minor Victim B's" butt open |
| Minor Victim A Msg: No |

(*Id.* lines 269-296.)

---

[4] Minor Victim B's first name appears in the chat but has been replaced for her privacy.

Mr. Devito's exploitation and manipulation of the children only grew worse.  When asked if Minor Victim B was sexy, Mr. Devito replied "I think she will be when she pulls her underwear down all the way."  (*Id.* line 310.)  He later requested: "You should do a really long video of both privates that would be really sexy."  (*Id*. line 329.) Minor Victim A then sent a video of her masturbating.  (*Id.* line 335.) Mr. Devito responded with:

| |
|---|
| Mr. Devito Msg: Very sexy!!!!! |
| Mr. Devito Msg: "Minor Victim B's" turn |
| Minor Victim A Msg: "Minor Victim B" said I'm to shy She will proabably put it on enternet |
| Mr. Devito Msg: :( |
| Mr. Devito Msg: Not cool |
| Minor Victim A Msg: I know |
| Mr. Devito Msg: Tell her if she does it I'm going to show lots of videos |
| Minor Victim A Msg: K |
| Minor Victim A Msg: She still said no |
| Mr. Devito Msg: Ok just show it but don't rub it like you did |
| Minor Victim A Msg: Probably in a little bit |
| Minor Victim A Msg: Do you have a pic of you |
| Mr. Devito Msg: she's not sexy like you then I guess huh |
| Mr. Devito Msg: I'll try to do one when my mom goes to bed |
| Minor Victim A Msg: Can we call each other babe |
| Mr. Devito Msg: Let "Minor Victim B" hold the camera while you rub yours ;) |

(*Id.* lines 337-352.)

Mr. Devito's conduct became even more devious over the ensuing days.

August 1st, 2016

| |
|---|
| Mr. Devito Msg: Yeah when are u  gonna let me see you rubbing |
| Minor Victim A Msg: Right now |
| Minor Victim A Media link: (Video Link of Minor Victim A rubbing her vagina) |
| Minor Victim A Msg: See it |
| Minor Victim A Msg: Yet |
| Minor Victim A Msg: You there??? |
| Mr. Devito Msg: Get it really wet sexy |
| Minor Victim A Msg: K |
| Minor Victim A Media link: (Video Link of Minor Victim A licking her fingers and then rubbing her vagina) |

| |
|---|
| Minor Victim A Msg: There |
| Mr. Devito Msg: Omg omg |

(*Id.* lines 1272-1282.)

Later in the chat:

| |
|---|
| Mr. Devito Msg: Take your shorts off pretty face |
| Minor Victim A Msg: And do what |
| Mr. Devito121 Msg: Let me see of course |
| Minor Victim A Msg: K |
| Minor Victim A Media link: (A video of Minor Victim A taking off her clothes and twerking) |
| Minor Victim A Msg: See it |
| Minor Victim A Msg: Can I see your penis |
| Minor Victim A Msg: Baby???? |
| Mr. Devito Msg: Put your finger in your butt |
| Mr. Devito Msg: Yeah |
| Minor Victim A Msg: K |
| Minor Victim A Media link: (A video of Minor Victim A inserting her finger in her anus) |
| Mr. Devito Msg: Can you fit 2 fingers |

(*Id.* lines 1333-1345.)

August 2nd, 2016

| |
|---|
| Mr. Devito Msg: Do you have to pee right now? |
| Minor Victim A Msg: Yes |
| Mr. Devito Msg: I dare you to put your legs behind your head and pee into your own mouth |
| Minor Victim A Msg: I can reach |
| Mr. Devito Msg: Make a video of u trying |

(*Id.* lines 1655-1659.)

Minor Victim A proceeded to send a video of her peeing to Mr. Devito. (*Id.* line 1665.)

August 4th, 2016

| |
|---|
| Mr. Devito Msg: So what's the fattest marker u got |
| Minor Victim A Msg: This one |
| Minor Victim A Media link: (An image of a pink highlighter) |
| Mr. Devito121 Msg: You have a sharpe? |
| Minor Victim A Msg: That's a expo marker lol |
| Mr. Devito Msg: Yeah but sharpes are rounded more |

| |
|---|
| Minor Victim A Msg: Yes I have a sharp |
| Mr. Devito Msg: I don't think you could fit a expo marker in your butt |
| Minor Victim A Msg: Lol yea |
| Minor Victim A Msg: But that's the fattest marker I got lol |
| Mr. Devito Msg: I dare u to put the sharpe in and show me how far u can get it |
| Minor Victim A Msg: K after I eat dinner |

(*Id.* lines 1998-2009.)

Later, Mr. Devito reminded her about putting the marker in her anus and Minor Victim A

sent him a video of her inserting the highlighter into her anus. (*Id.* line 2023-2026.) The next

day, Mr. Devito again encouraged her to go get her "marker" or "toothbrush" to insert in her

anus. (*Id.* lines 2200 – 2215.)

Somehow, Mr. Devito's conduct managed to worsen still. First, he tried to convince

Minor Victim A to perform sex acts on her father. He then tried, unsuccessfully, to convince her

to masturbate in front of her father. When Minor Victim A was scared and changed the subject,

Mr. Devito asked her to send him videos of her dog licking her genitalia:

| |
|---|
| Mr. Devito Msg: Have you ever been caught rubbing your pussy |
| Minor Victim A Msg: No |
| Mr. Devito Msg: You should let your dad catch you and see what he does |
| Minor Victim A Msg: He's gonna yell at me |
| Mr. Devito Msg: I bet he won't |
| Minor Victim A Msg: Yes he will |
| Mr. Devito Msg: How do you know |
| Minor Victim A Msg: Idk |
| Minor Victim A Msg: Lol |
| Minor Victim A Msg: You on |
| Mr. Devito Msg: That's a easy one babe. Let him walk in on you rubbing. If he doesn't get mad u can prolly get him to let u suck his penis |
| Minor Victim A Msg: But but |
| Minor Victim A Msg: Omg |
| Minor Victim A Msg: You on ??? |
| Minor Victim A Msg:  ?? |
| Mr. Devito Msg: But what |
| Minor Victim A Msg: I'm scared to do it |
| Mr. Devito Msg: What's he doing now |

| |
|---|
| Minor Victim A Msg: He's not here |
| Mr. Devito Msg: We should stay up til he gets home and try it |
| Minor Victim A Msg: My dog lickes my pussy |
| Mr. Devito Msg: Really??? |
| Mr. Devito Msg: That's cool |
| Minor Victim A Msg: Yes |
| Mr. Devito Msg: What kind of dog |
| Minor Victim A Msg: Idk |
| Mr. Devito Msg: Big dog? |
| Minor Victim A Msg: No |
| Mr. Devito Msg: Small dog? Lol |
| Minor Victim A Msg: Yes |
| Mr. Devito Msg: Are u going to show me that later |
| Minor Victim A Msg: Yes |
| Mr. Devito Msg: Wanna try your dad tonight? |
| Minor Victim A Msg: Mabey |
| Mr. Devito Msg: Does he come in your room when he gets home |
| Minor Victim A Media link: (Photo of dog) |
| Minor Victim A Msg: No |
| Mr. Devito Msg: Mmm |
| Minor Victim A Media link: (Video of Dog licking Minor Victim A's genitals and anus) |
| Minor Victim A Media link: (Video of Dog licking Minor Victim A's genitals and anus) |
| Minor Victim A Media link: (Video of Dog licking Minor Victim A's genitals and anus) |
| Mr. Devito Msg: Wow baby that's hot |
| Mr. Devito Msg: What's it feel like |

(*Id.* lines 2087-2129.)

To facilitate his month long exploitation of Minor Victim A, Mr. Devito would tell constant lies to Minor Victim A to convince her he was just a child as well ("Hey I'm here my musically[5] got deleted again.  :/  text me for now my parents are here";  "I got my iPod taken away.  Text me I can't call yet"; "Hey gotta wait til my mom goes to bed to call.  What you doing"; "I'll call u when my parents go to bed"; "When my mom goes to bed u Guys want to watch videos?"; "When my mom goes to bed I'll call you"'; "I'm not leaving just hiding from my

---

[5] Musically is another social media application Mr. Devito used.

parents"; "I will when my parents go to bed baby"; "Can't call til my mom goes to bed babe" *Id.* lines 81, 108, 136, 211, 313, 366, 1113, 1235, and 2406.)  Further, he would give instructions to her to help her avoid detection from her own parents ("Don't screen shot babe don't want you to get in trouble" *Id.* at line 1984.)  He would also help her fix problems when she had trouble creating or uploading videos. ("Hit take video not existing"; "You gotta go delete some stuff babe"; "Do a screenshot of what it says"; "Yep you gotta delete some videos or apps.  Brb in like a hour I have to go to dinner." *Id*. lines 1488, 1495, 1502, and 1506.)

After nearly a month, on August 12th, 2016, Mr. Devito's exploitation of Minor Victim A finally stopped when her mother discovered the messages on the ooVoo app.  She made her feelings about Mr. Devito's conduct known by sending him the last message from her daughter's account:  "Your going to f****** die." (*Id.* line 2481. Obscenity Redacted.)

Despite this warning from Minor Victim A's mother, Mr. Devito did not stop communicating with other minors online.  Indeed, the records from his ooVoo account showed he was still communicating with minors on the application as recently as December 15, 2016, the night before the FBI executed the search warrant at his residence.

### 2.    Minor Victim H

As the presentence report indicates, Mr. Devito's conduct was not limited to Minor Victim A.  There were over 30 other minors he similarly sexually exploited.  One of his notable victimizations is that of Minor Victim H, a 10 year old girl in Australia.  For two months between February and April of 2016, in similar fashion, Mr. Devito would show her pornography if she would send him naked videos.  And in similar fashion, he directed her to engage in sexual activity and she complied.  Some examples of his communications with this 10 year old include:

| |
|---|
| Minor Victim H Msg: Show me that sex vid again |
| Minor Victim H Msg: The same thing |
| Mr. Devito Msg: K but if I'm playing sex videos you take your pants off |
| Minor Victim H Msg: Ok |

(Feb. 25, 2016 – Page 17.)

Later they exchanged:

| |
|---|
| Mr. Devito Msg: K ;) now let me see you pull your butt open really wide |
| Mr. Devito Msg: Push it open |
| Minor Vicitm H Msg: Ok |
| Minor Vicitm H Msg: :( |

(Feb. 25, 2016 – Page 23, 24.)

The following day:

| |
|---|
| Minor Vicitm H Msg: Plz answer |
| Mr. Devito Msg: I was sleeping babe I love you so much |

(Feb. 26, 2016 – Page 25.)

A week later:

| |
|---|
| Mr. Devito Msg: I was watching that video all the way |
| Mr. Devito Msg: Does it feel really good when u rub it |
| Minor Vicitm H Msg: Yep |
| Mr. Devito Msg: U need to put that marker in |
| Minor Vicitm H Msg: I did |
| Mr. Devito Msg: But I didn't get to see |
| Minor Vicitm H Msg: Should I try it in my vagina |
| Mr. Devito Msg: If it will go try both |
| Minor Vicitm H Msg: Ok |
| Minor Vicitm H Msg: I'm doing it |

(Mar. 3 2016 – Page 29.)

Further in the conversation:

| |
|---|
| Mr. Devito Msg: Sorry Do the marker then we can talk about that |
| Minor Victim H Msg: No I wanna thoug |
| Minor Victim H Msg: I can't it hurt ur penis is softer |
| Mr. Devito Msg: Ok just put it in your butt then U can't do vagina til u get older |
| Minor Victim H Msg: It hurts badly in borg |
| Minor Victim H Msg: Both |
| Minor Victim H Msg: Send a video |

| |
|---|
| Mr. Devito Msg: Oh what about your finger then |
| Mr. Devito Media link: ( A video file) |
| Mr. Devito Msg: Your turn |
| Minor Victim H Msg: Wait |
| Mr. Devito Msg: Hurry then call and let's talk about sex |

(*Id.* page 30.)

Later, Mr. Devito explained to this 10 year old how to masturbate and asked she send him

the video:

| |
|---|
| Minor Victim H Msg: How do I make it tingle |
| Mr. Devito Msg: You have to rub it |
| Minor Victim H Msg: How hard |
| Minor Victim H Msg: Show me a vid off how hard |
| Mr. Devito Msg: Get your hand really wet like lick it then rub the top part that's what makes it tingle |
| Minor Victim H Msg: So I don't rub the whole pussy |
| Mr. Devito Msg: You can cuz it should all feel good but the top part makes it tingle |
| Minor Victim H Msg: Ok |
| Minor Victim H Msg: So do I vid that |
| Mr. Devito Msg: Yea do a long video |
| Minor Victim H Msg: You make one to |
| Minor Victim H Msg: Deal? |
| Mr. Devito Msg: Deal babe |

(Mar. 17, 2016 - Page 66.)

| |
|---|
| Minor Victim H Msg: How can I make white shoot out off my pussy |
| Mr. Devito Msg: You can't only boys shoot white stuff |
| Mr. Devito Msg: You can shoot clear stuff out of your pussy if you push hard and rub it |
| Minor Victim H Msg: Omg really |
| Mr. Devito Msg: Yeah |
| Minor Victim H Msg: Ok should I do it |
| Minor Victim H Msg: ?? |
| Minor Victim H Msg: ðŸ† ðŸ' that is your front |
| Minor Victim H Msg: This is my frontðŸ- |
| Minor Victim H Msg: Are you there now? Are you there now? Are you there now? |
| Minor Victim H Msg: So I push as hard as possible and then rub so hard and farst |
| Minor Victim H Msg: Fast |
| Minor Victim H Msg: ?? |
| Mr. Devito Msg: Yea yea yea |

| |
|---|
| Minor Victim H Msg: Ok good |
| Minor Victim H Msg: Do I do a vid |
| Mr. Devito Msg: You first sexy and I'll get my dick out |
| Minor Victim H Msg: Ok |
| Minor Victim H Msg: Like that |
| Minor Victim H Media link: (Video of Minor Victim H rubbing her vagina) |
| Mr. Devito Msg: Your getting really good at that |
| Mr. Devito Msg: Push hard |
| Minor Victim H Msg: I did |
| Minor Victim H Msg: Should I rub it all dat non stop |
| Mr. Devito Msg: Yeah but get totally naked |
| Minor Victim H Msg: Ok just my but naked |
| Mr. Devito Msg: Ya |
| Minor Victim H Msg: I did it so hard and fast it has to have bit of a break |
| Mr. Devito Msg: Did you video it |
| Minor Victim H Msg: No |
| Minor Victim H Media link: (Video of Minor Victim H's vagina) |
| Mr. Devito Msg: Show me how wide you can pull the hole open |

(Mar. 18, 2016 – Pages 73-75.)

**3.      Local Victims**

Mr. Devito did not just target children in other parts of the country or world.  In May of 2016, he also communicated with two minor girls in the greater Cincinnati area.  For two weeks during that month, Mr. Devito similarly communicated with Minor Victim Q, an 11 year old girl from Amelia, Ohio.  Through ooVoo, he convinced her to send him 12 videos of her engaged in sexually explicit conduct.  Mr. Devito would give her specific instructions about getting on her hands and knees and backing up to the camera or requesting she twerk in the videos. (May 16, 2016 – Page 334.)  She subsequently sent him two videos, one of her naked on her hands and knees backing up towards the camera and one of her twerking naked. (*Id.* Page 335.)  Later, upon being asked, she told Mr. Devito the local middle school she attended. (*Id.* Page 346.)   Also, on Mr. Devito's iPhone, he had 106 images of her taken through screen shots of their ooVoo live video calls.

Likewise, he solicited and obtained sexually explicit videos from Minor Victim X, a 9 year old girl from Batavia, Ohio. The videos of her were obtained from Mr. Devito's iPhone; however, the chats over ooVoo show that Mr. Devito repeatedly requested to see her vagina from different positions. He instructed her by saying: "show your vagina babe"; "Scoot over I can't see"; and "Can u get on ur hands and knees and shot it from behind".  (*Id.* page 374-375.)

### 4.    Other Victims

Other samples of Mr. Devito's communications with the minors include a chat on April 3, 2016 with Minor Victim L, a 10 year old girl from Des Moise, Washington.  To her Mr. Devito wrote: "Hey sexy would love to see more of that toothbrush deep in your ass." (Page 181) After receiving such a video he remarked: "Oh wow. You have anything bigger than that toothbrush? Make it go deep." (Page 182)

While getting videos on September 18, 2016 from Minor Victim G, a 10 year old girl from Missouri, Mr. Devito instructed her to: "Show me how big you can open the hole sexy." (Page 860.)

Similarly, when beginning a chat on June 30, 2016 with Minor Victim J, a 9 year old girl from Illinois, Mr. Devito said: "Now you can do videos here. Show me how far you can open your butt."  He later instructed her to: "Put it in your butt then lick it." (Page 474, 478.) Minor Victim J then sent him a video depicting this request. (See Video.)

Likewise, through the kik messaging application, Mr. Devito got three girls, ages 8, 9, and 10, from Kalamazoo, Michigan (Minor Victims C, D, and E) to send him videos of them inserting their fingers into each other's anuses. (See Video.)

Finally, he resorted to bribery in an effort to get one minor to also take naked videos of her sister.    On November 1, 2015, he was chatting over ooVoo using the screen name

"gladitssummer133" with Minor Victim V, an 11 year old girl from Nevada. Mr. Devito asked: "Your sister up there peeing the bed." He then told her that "If u get her to show her underwear with u I'll give you a gift card of mine." When Minor Victim V declined, he replied: "K never mind it's a target card with $48 on it." (Nov. 1, 2015 Gladitssummer133 - Page 16.)

### B.    History and Characteristics of the Defendant

While Mr. Devito claims his upbringing was difficult, the reality of his situation hardly supports such a notion. In contrast to many defendants appearing before this Court, Mr. Devito has a supportive family and had a good upbringing. Mr. Devito was a 32 year old man when he committed the instant offense. He was married with a young child. He graduated high school and obtained a college degree. (PSR ¶ 388-89.) He had a good career in materials management which provided an ample salary to support his family. (PSR ¶ 390.) Moreover, he had no debts. (PSR ¶ 393.) There was nothing preventing him from productively contributing to both society and his family for years to come. Instead of being content with his life, he decided to sexually exploit over 30 children through the internet.

### 1.    Prior Sexual Abuse

Since being jailed for this offense, Mr. Devito asserts for the first time that he was previously the victim of sexual abuse. This is a common excuse among those accused of child sex crimes to claim that they were sexually abused as a child. But both common sense and scientific research undercut such post-hoc rationalizations. Moreover, this excuse in no way serves as a mitigating factor for the punishment of his offense.

Common sense indicates that a person who experiences a traumatic event is more likely to empathize with another person who is going through similar trauma. This same logic applies to sexual abuse of any kind. Those who suffer childhood sexual abuse or rape as an adult will

naturally be more empathetic towards someone who has experienced the same type of sexual abuse.

Research in this area further illustrates that Defendant's argument—being abused caused him to abuse—is not fully supported: "The victim-offender cycle in male sexual abuse has been popularized as an explanation of why some males sexually offend. However, there are serious limitations to this explanation, namely, that many offenders have not been sexually abused as children, and in any case, it fails to take into account the complexity of factors that contribute to sexual offending." Lambie, Ian, et al.*, Resiliency in the victim-offender cycle in male sexual abuse*, Sex Abuse: A Journal of Research and Treatment 14(1), 43 (2002). With respect to studies which have suggested that "prior victimization may have some effect in a minority of perpetrators . . . [a]nother possibility is that some sexual perpetrators may feign sexual victimization in order to gain sympathy, preferential treatment, or therapy." Glasser, M. et al., *Cycle of child sexual abuse: links between being a victim and becoming a perpetrator*, The British Journal of Psychiatry 179, 488 (2001). *See also* Hall, R.C.W., *A Profile of Pedophilia: Characteristics of Offenders, Recidivism, Treatment Outcomes, and Forensic Issues,* Mayo Clinic Proceedings 82(4), 464 (2007) ("There is also legitimate concern regarding the validity of many of the self-reports of pedophiles who claim to have been abused as children themselves. These statements are often made in a legal or group treatment setting, in which pedophiles may be trying to mitigate their sentence or gain sympathy for their behavior.").

Indeed, Mr. Devito's claims should be viewed with skepticism because research has consistently shown that such self-reports by those accused of sexual offending are inherently unreliable in a statistically quantifiable way. In 2001, a series of studies from 1978 through 1994 were examined in an article published in *Federal Probation*. The article explained that the three

different studies showed remarkable consistency such that the following conclusions could be summarized as follows:

1.  Adults will lie and understate by a factor of five to six the number of sexual crimes they have committed.

2.  Adults will lie and under report their history as a juvenile sex offender.

3.  Adults will lie and over report their history of childhood sexual victimization.

4.  With polygraphs, they disclose six times as many victims and most confess that they were sexually offending as juveniles.

Hindman, J. & Peters, J.M. (2001), *Polygraph testing leads to better understanding adult and juvenile sex offenders*, Federal Probation, 65(3), 8–15.  One chart puts the evidence in stark relief:

**TABLE F**
*Comparing the Histories of Adult Offenders Before and After Polygraph 1994–1999*

|  | Pre-Polygraph | Post-Polygraph |
|---|---|---|
| Average number of victims reported | 2.9 | 11.6 |
| Percent reporting being sexually abused as a child | 61% | 30% |
| Percent reporting sexually abusing others as a child | 27% | 76% |

As the chart makes clear in the second row, before taking a polygraph, 61% claimed to have been sexually abused as a child.  But that number fell by half to 30% when the polygraph examination was administered.  In other words, more than half of the defendants who claimed to have been sexually abused had lied.[6]  The article's authors summarized the situation thus:

---

[6] It bears noting that Mr. Devito refused to take the polygraph exam when FBI agents executed the search warrant at his house. The poloygraph examination would have covered his own sexual abuse and whether he sexually abused others.

"Today, just as in 1978, adult offenders not polygraphed are very likely to minimize the history of their abusive behavior and to overstate their own histories of victimization." *Id*.

Even if there were a correlation between being a victim of child molestation and Mr. Devito's later engaging in serial, sexually exploitative conduct on children—which is not supported by logic or science—correlation is not causation. While this "correlation" may appear attractive as an explanation for inexplicable conduct, reality does not bear it out. If being sexually abused makes one more likely to offend in a like manner, why don't girls, who make up a disproportionately large percentage of child exploitation victims, make up an equally large percentage of child exploitation offenders? In other words, if sexual abuse results in future sexual abuse, then the large volume of female victims would result in a statistically larger volume of female offenders.[7] Yet, how many female sex offenders has this Court sentenced as compared to males?

The notion that the challenges faced by Mr. Devito in his life are a justification for his crimes is offensive. Every individual faces challenges in his or her life, some more severe, some less severe. But no challenge excuses or mitigates the types of vile offenses committed by Mr. Devito. The victims of his crimes—children exploited and recorded in the worst moments of their lives—are the ones who experience challenges beyond imagination. Mr. Devito has lived a stable life with family support, and had adequate education and financial resources to live a law-abiding life. In other words, he was not corralled into this crime by a series of unfortunate life circumstances. Rather, he chose his path.

---

[7] Indeed, if the Court were to accept that Mr. Devito's childhood sexual abuse as a contributing factor to his offense, it must also accept that as the result of his offense, over 30 more child victims are now more likely to commit future sex crimes.

Accordingly, Mr. Devito's claims of previous sexual abuse are neither aggravating nor mitigating circumstances to enhance or lessen his punishment. His claims should only be considered in determining what treatment he may need while incarcerated and what would be appropriate conditions of his supervised release to reduce the likelihood of him reoffending.

### 2. Age and Lack of Criminal Record

Mr. Devito complains that a guidelines sentence is inappropriate because he has no criminal record, that with treatment he would not reoffend, and that given his age it would take away most of his life. First, his age should only be considered in fashioning a sentence for a child sexual abuse offense when it is "present to an unusual degree and distinguishes the case from the typical cases covered by the guidelines." U.S.S.G. § 5H1.1. This is not such a case. Mr. Devito was 32 when he committed the offense. There is nothing unusual or distinguishing about his age.

Second, his lack of criminal history is a disfavored factor for consideration in a child sex offense. As the Sixth Circuit explained in *United States v. Reilly*, 662 F.3d 754, 758–59 (6th Cir. 2011), Congress specifically instructed that child crimes and sexual offenses are to be treated differently than other types of crimes—the "sole grounds" permissible for a downward departure are those "expressly enumerated" in Park 5K. *Id.* § 5K2.0(b); *see also id.* app. C, amend. 649 (2003) (noting that the amendments to §§ 5K2.0 and 5K2.22 were "made directly by [Congress as part of] the PROTECT *759 ACT, Pub.L. 108–21"). A defendant's lack of prior criminal history is not enumerated in § 5K. Accordingly, although this consideration is permissible grounds of departure for other types of crimes, this factor is specifically excluded from consideration for child crimes and sexual offenses. *Reilly,* 622 F.3d at 759 *See* §§ 4A1.3(b) (identifying possible downward departure for criminal history). As the Sixth Circuit noted in

*Reilly*, the Guidelines commentary explicitly states that "[t]he standard for a downward departure in child crimes and sexual offenses differs from the standard for other departures." *Id.* § 5K2.0 cmt. (4)(B).

Of course, "[a]fter *Booker,* ... the fact that a factor is discouraged or forbidden under the Guidelines does not automatically make it irrelevant when a court is weighing statutory factors apart from the Guidelines." *United States v. Christman*, 607 F.3d 1110, 1119 (6th Cir. 2010) quoting *United States v. Husein*, 478 F.3d 318, 327 (6th Cir. 2007).   Nevertheless, section 3553(a)(5) "requires that the district court consider applicable policy statements issued by the Sentencing Commission, and the Guidelines' disfavored view towards" criminal history. *Christman*, 607 F.3d at 1119.  Thus, Mr. Devito's lack of criminal history is able to be considered for a downward variance; however, any significant weight given to that factor must be carefully counterbalanced by its disfavored view under the Guidelines. *Cristman*, 607 F.3d at 1120 & *Reilly*, 662 F.3d at 760.

Balancing Mr. Devito's lack of criminal history against the policy statements of the Guidelines does not suggest that a variance is appropriate.  While lacking any criminal convictions,  Mr. Devito engaged in this abhorrent conduct for over a year.  By his own acknowledgement, he has been viewing child pornography for much longer.  Thus, even if the Court was convinced Mr. Devito's "sexual proclivities is a problem that [can be] addressed, and there would never be any recidivism in the future, there still has to be a punishment; it's part of the debt [Mr. Devito] owe[s] society for having engaged in conduct that's so harmful." *United States v. Martin*, 722 F. App'x 435, 437 FN1 (6th Cir. 2018) (Affirming 414 month sentence for Production, Possession, and Receipt of child pornography for 43 year old defendant despite it taking the defendant "to the edge of his life expectancy").

### C.    Impact on Victims

Mr. Devito's conduct had a profound impact on numerous minors and their families. Congress has plainly indicated that "the use of children in the production of sexually explicit material ... is a form of sexual abuse which can result in physical or psychological harm, or both, to the children involved[.]" 18 U.S.C. ' 2251, (Historical and Statutory Notes: Congressional Findings, Pub.L.No. 104-208, Title I, Sept. 30, 2006, 110 Stat. 3009-26) (1996)).  "[T]his sexualization of minors creates an unwholesome environment which affects the psychological, mental and emotional development of children and undermines the efforts of parents and families to encourage the sound mental, moral and emotional development of children[.]" *Id.* at 11(B).  The words of Congress and many courts echo the words of the victims and their parents themselves. The following excerpts are from the victim impact statements of a few of Mr. Devito's known victims' parents:

> The pictures were captured in my daughters' bedroom.  In a place that we were convinced was safe.  Somehow things went from them making dorky lip syncing videos to something beyond my comprehension and I never saw it coming.  He broke into our safe zone and he manipulated our girls and I never saw it coming.  … He manipulated them.  He stole their innocence.  He exposed them to disgusting images of other children he victimized.  And he convinced them to produce images of themselves that will be out there from now on.  I lost faith in humanity, in myself as a parent and in my daughters' decision making.  I find myself second guessing every situation.  Every decision.  I find myself allowing my fears to limit her childhood… her process of growing up and moving on.  And it's not fair to any of us.

Victim Impact Statement - Mother of Minor Victim P, an 11 year old girl from Michigan.

> As a result of this offense, her emotional suffering has caused her to become angry with her family, friends, and others.  She was so angry and got in trouble at school where she was almost suspended until I discussed her situation with her principal.  She has dealt with an incredible amount of shame, embarrassment, and emotional pain.  Her self-esteem has plummeted and she has battled self-confidence.  The relationship she has had with me, her mother as well as her father has suffered a great deal.  It has caused tension, distrust and emotional pain.

Victim Impact Statement – Mother of Minor Victim T, an 11 year old girl from Tennessee.

The lasting damage of Mr. Devito's crimes goes beyond the creation of the sexually explicit videos and images of the minor children.  It damages relationships, hurts families, and alters the development of the children.

      **D.**     **Deterrence**

The Sixth Circuit has "told sentencing courts *repeatedly*, 'general deterrence is crucial in the child pornography context' to protect the public by deterring the market for such products and activities." *United States v. Schrank*, No. 17-6093, 2019 WL 1716009, at *2 (6th Cir. Apr. 16, 2019) (emphasis in original), citing *United States v. Robinson*, 778 F.3d 515, 520-21 (6th Cir. 2015) (editorial mark omitted); *see also United States v. Bistline*, 720 F.3d 631, 632 (6th Cir. 2013); *United States v. Christman*, 607 F.3d 1110, 1121 (6th Cir. 2010); *United States v. Camiscione*, 591 F.3d 823, 834 (6th Cir. 2010).  This is especially true concerning the Defendant's conduct.  He used the anonymity of the internet to enter children's' homes across the globe.  Where parents once believed their kids could be safely in bed, Mr. Devito has demonstrated that is hardly the case.  Once inside, he manipulated these innocent children into performing disgusting, offensive, and obscene sexual acts.  The sentence in this case needs to strongly deter such conduct.

**III.**    **Conclusion**

Mr. Devito does not merit a downward variance from his advisory guideline range.  There is no weighing of the applicable sentencing factors that can justify a downward variance for Mr. Devito.  The recommended guideline sentence of 30 years is commensurate with the seriousness of his conduct.  Mr. Devito did not accidentally stumble into a few inappropriate

conversations with children on the internet.  He sought out and befriended children through social media applications and he tricked and lied to them about his identity.  Once inside their homes through the internet, he began grooming them for sexual exploitation.  He preyed on the curiosity of these children by using pornography to normalize and introduce them to sexual behavior.  With his trap set, he then began his obscene and vile sexual exploitation.   He instructed them how to masturbate. He encouraged them to perform sexual acts on family members.  He requested they perform disgusting and degrading sexual acts upon themselves. Moreover, when his victims had other children present, he implored and pressured them to sexually abuse each other.  He instructed them to record this vile conduct and he recorded it himself on his phone.

Any argument that his offense conduct is less serious because he did not have physical sexual contact with a minor misses the mark. Sexual contact did occur and it was caused by Mr. Devito.  Through his lies and grooming he mentally manipulated and tricked the minors into sexually abusing themselves and each other.  How is that in anyway mitigating versus physically touching them himself?  Further, had Mr. Devito been physically present in the room with the children, based on his chats, can anyone actually believe his conduct would have been less vile? Indeed, the harm he caused to these children is the same whether he was physically present in their bedrooms or only present through the internet.  The ensuing mental and emotional problems of his victims will only be aggravated by the permanent existence of the recordings of their sexual abuse.  Only time will tell how widely the videos of their abuse will be spread to other predators on the internet.

In summation, the depravity of Mr. Devito's crimes must be met with a severe sentence. A variance in this case is wholly inappropriate.  His victims are too numerous and his conduct is

too vile for any reduction from his guidelines.  While the sentencing guidelines recommend life, his plea agreement and statute of conviction limits his sentencing exposure to 30 years.  A 30 year sentence in this case amounts to less than one year per child he exploited.  Such a lengthy sentence achieves the goals of sentencing by adequately protecting the public from Mr. Devito, providing just punishment for his offense, and giving him reason to rehabilitate himself for an eventual release later in life.

**Respectfully submitted,**

BENJAMIN C. GLASSMAN
UNITED STATES ATTORNEY

/s/ *Kyle J. Healey*
KYLE HEALEY (0083794)
Assistant United States Attorney
221 East 4th Street, Suite 400
Cincinnati, OH 45202
Phone No.: (513) 684-3711
Fax No.: (513) 684-6710
Email: KHealey@usa.doj.gov

<u>Certificate of Service</u>

I certify that I filed the foregoing with the Court's CM/ECF system this 3rd day of May, 2019.

s/ *Kyle J. Healey*
Kyle J. Healey
Assistant United States Attorney