# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

UNITED STATES OF AMERICA,

        Plaintiff,        :        Case No. 1:16-cr-115
                                              Also 1:21-cv-093

                                              District Judge Susan J. Dlott
      -  vs -                      Magistrate Judge Michael R. Merz

RICHARD LEE DeVITO,

        Defendant.       :

## REPORT AND RECOMMENDATIONS

This is an action under 28 U.S.C. § 2255 to vacate Defendant's conviction and sentence. It is ripe for decision on the Motion to Vacate (ECF No. 114) and the Government's Response (ECF No. 123).

In ordering an answer, the Court set a deadline for Defendant to file a reply of twenty-one days after the answer was filed (ECF No. 116, PageID 950). Because the Government's answer was filed April 16, 2021, Defendant's deadline was May 7, 2021, but no reply has been filed.

**Litigation History**

On December 21, 2016, Defendant was indicted by the grand jury for this District on one count of possession of child pornography and one count of production of child pornography

(Indictment, ECF No. 10). DeVito initially retained Attorney Edward Perry and entered a not guilty plea before Magistrate Judge Karen Litkovitz on December 30, 2016 (Minute Entry, ECF No. 15). The case was assigned to District Judge Susan Dlott at the time of indictment. On January 19, 2017, Attorney Mark Jon Wieczorek replaced Mr. Perry and shortly thereafter Judge Dlott granted a joint motion to continue the trial from March to July, 2017 (ECF Nos. 17 & 18). On May 1, 2017, Adam Boyd Bleile replaced Attorney Wieczorek as DeVito's counsel (ECF No. 22). Two weeks later, Judge Dlott allowed William Butler, an attorney from Kentucky, to appear *pro hac vice* as co-counsel (ECF No. 23). Then on November 27, 2017, Messrs. Bleile and Butler withdrew, apparently because DeVito lacked funds to retain them further, and Attorney Candace Crouse, on recommendation of the Federal Defender, was appointed under the Criminal Justice Act (ECF Nos. 39, 41, and 42). Then on April 5, 2018, Sarah Kovoor was retained and replaced Attorney Crouse (ECF No. 48).

On June 19, 2018, DeVito entered into a Plea Agreement with the United States (ECF No. 63) in which he agreed to plea guilty to one count of production of child pornography (¶ 1). He acknowledged that the minimum sentence would be fifteen years and the maximum thirty years (¶ 3(a)). He also waived his right to appeal unless the sentence exceeded the statutory maximum (¶ 10). DeVito pleaded guilty pursuant to the Plea Agreement the same day (Minute Entry, ECF No. 62; Transcript, ECF No. 80).

A week before sentencing Attorney Kovoor attempted to withdraw because of DeVito's refusal to cooperate (ECF No. 87). Judge Dlott denied the motion (ECF No. 88) and proceeded on May 21, 2019, to sentence DeVito to the thirty-year sentence he is now serving (Minute Entry, ECF No. 89; Judgment, ECF No. 90).

Despite his waiver of the right to appeal in the Plea Agreement, DeVito appealed and the Sixth Circuit appointed Attorney Kimberly Penix to represent him (ECF No. 96). Upholding the appeal waiver on the Government's motion, the Sixth Circuit dismissed the appeal. *United States v. DeVito*, Case No. 19-3525 (6th Cir. Nov. 8, 2019)(copy at ECF No. 111). Represented by new counsel, DeVito filed his Motion to Vacate on February 5, 2021 (ECF No. 114) in which pleads the following claims for relief:

> **Ground One:** Counsel's Pre-Plea Counsel's Pre-Plea Performance Was Constitutionally Ineffective; But For Counsel's Errors, DeVito Would not have pled guilty and would have proceeded to trial.
>
> **Ground Two:** Appellate Counsel Was Ineffective For Failing To Argue The Voluntariness Of DeVito's Guilty Plea In His Opening Brief.

## Analysis

**Ground One: Ineffective Assistance of Trial Counsel in Plea Negotiations**

In his Memorandum in Support he asserts "Prior to entering his guilty plea, DeVito was not advised by his attorney how his plea to the statement of facts would result in the production of 29 "pseudo counts" under U.S.S.G. § 2G2.1(d)(1)." (ECF No. 114-1, PageID 928). Although DeVito had many attorneys prior to his plea, he makes it clear that it is that Attorney Kovoor's alleged omission of discussion of the pseudo-counts is attorney conduct of which he complains. *Id.* at PageID 930, et seq. This is corroborated by DeVito's Declaration under penalty of perjury which speaks only of Attorney Kovoor's advice.

However, the Government's Response is supported by the Affidavit of Candace Crouse who represented DeVito before Attorney Kovoor. Judge[1] Crouse avers under oath that she fully advised DeVito of the manner in which pseudo counts would enter into the applicable guideline calculation (ECF No. 123-2, ¶ 6, PageID 983). She calculated that this would result in an offense level of 49, a calculation concurred in by Probation Officer Laura Jensen. *Id.* Judge Crouse has furnished the Court with a copy of the notes she took at the time of her discussion of the Guidelines with DeVito (ECF No. 123-3). She also avers she provided those notes to DeVito at his request immediately after the discussion (ECF No. 123-2, ¶ 10). She also negotiated the Plea Agreement which DeVito rejected while she was representing him, but accepted after Attorney Kovoor became his counsel, as is shown by the fact that the Plea Agreement was drafted with a signature line for Attorney Crouse which is stricken and has Attorney Kovoor's name hand written in (ECF No. 69, PageID 209).

It is axiomatic that the Sixth Amendment entitled a criminal defendant to the effective assistance of counsel, measured by the standard adopted in *Strickland v. Washington,* 466 U.S. 668 (1984). The right to effective assistance of counsel encompasses effective assistance in the plea negotiation process. *Hill v. Lockhart*, 474 U.S. 52, 57 (1985); *Sparks v. Sowders*, 852 F.2d 882, 884 (6th Cir. 1988). In order to satisfy the "prejudice" prong of *Strickland* in a negotiated plea case, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty or no contest and would have insisted on going to trial. *Hill*, 474 U.S. at 58. Moreover, he must show that there would have been a reasonable chance he would have been acquitted had he gone to trial. *Id.* at 59.

---

[1] The Court has previously taken judicial notice that Candace Crouse was elected to be a judge of the Ohio First District Court of Appeals after she withdrew from representing DeVito.

On DeVito's First Claim for Relief, Judge Crouse's Affidavit is uncontradicted. She has sworn that she gave him the precise advice about the effect of the pseudo counts – a calculation concurred in by the probation officer and the Assistant United States Attorney who was prosecuting the case – that he claims Attorney Kovoor did not give him. DeVito does not claim Attorney Kovoor told him something different from what Attorney Crouse told him or somehow overrode that advice. DeVito's Declaration merely asserts Attorney Kovoor was silent on Guideline calculations.

The Sixth Amendment does not sanction a situation where a defendant received perfectly good advice from one attorney, replaces that attorney, and then conveniently "forgets" the good advice he has been given. Because DeVito received completely correct advice about the pseudo counts from Attorney Crouse, which neither Attorney Kovoor nor the probation officer, the U.S. Attorney, nor the Court ever contradicted, so far as the record shows[2], his First Claim for Relief is without merit and should be dismissed.

**Ground Two: Ineffective Assistance of Appellate Counsel**

In his Second Ground for Relief, DeVito asserts he received ineffective assistance of appellate counsel when Attorney Penix failed to claim in the opening brief that DeVito's guilty plea was involuntary. Admitting that she raised several non-frivolous arguments in that brief, DeVito claims she should have addressed his appellate waiver in the opening brief (Supporting

---

[2] The Government reports that Attorney Kovoor declined to provide a statement about her advice to DeVito on the grounds it was protected by the attorney-client communication privilege (ECF No. 123, PageID 967, n. 5). The Court has already held that by claiming ineffective assistance of trial counsel regarding his communications with counsel, DeVito has waived the privilege (Order, ECF No. 116, PageID 950). Should an evidentiary hearing become necessary in this case, the Magistrate Judge is prepared to enforce the waiver under penalty of contempt.

Memorandum, ECF No. 114-1, PageID 941). The Government moved to dismiss the appeal on the basis of the waiver. Attorney Penix then claimed the waiver was unenforceable because DeVito had not voluntarily waived his right to appeal regarding the pseudo counts. *Id.* DeVito now claims that the **order** in which his involuntariness-of-the-waiver argument was made to the Sixth Circuit constituted ineffective assistance of appellate counsel, i.e., that it would have been successful if made in the opening brief, but was unsuccessful because made later.

To evaluate this argument, it is necessary to examine the sequence of filings in the Sixth Circuit's Case No. 19-3525. Despite having waived his right to appeal, DeVito filed a Notice of Appeal in this Court on May 29, 2019 (ECF No. 93). The Notice of Appeal was docketed in the Sixth Circuit on June 5, 2019 (6th Cir. ECF No. 1). Appellate counsel for the United States entered his appearance the next day (6th Cir. ECF No. 2). Attorney Penix was appointed and entered her appearance June 17, 2019 (6th Cir. ECF No. 8, 9). On July 23, 2019, the Sixth Circuit set a deadline for appellant's brief of September 3, 2019 (6th Cir. ECF No. 25). Given a month's extension, Ms. Penix filed that brief on October 3, 2019 (6th Cir. ECF No. 28). It was only a week later that the United States moved to dismiss the appeal on the basis of the waiver (6th Cir. ECF No. 29).

Tellingly, Assistant United States Attorney Zouhary misstated the terms of the waiver, asserting it did not apply to claims of ineffective assistance of trial counsel or prosecutorial misconduct whereas those claims are not excepted in § 10 of the Plea Agreement. Although the Sixth Circuit had upheld blanket waivers, Attorney General Holder had directed United States Attorneys not to seek waivers of claims of ineffective assistance of trial counsel and prosecutorial misconduct. Despite all the other rollbacks of Obama Administration actions during the Trump Administration, the Magistrate Judge is not aware this policy was ever changed. Attorney Zouhary apparently believed it was still in effect in 2018 when DeVito pleaded.

Because the United States had not moved to dismiss on the basis of the waiver in the four months before Appellant's Brief was filed, Attorney Penix could reasonably have assumed either that the United States was not going to rely on the waiver or that if it did, she would get a chance to respond. She did indeed get the opportunity to respond and argued precisely what DeVito now says she should have argued in the opening brief: that his plea was not enforceable because it was not knowing, intelligent, and voluntary because the pseudo counts had not been revealed pre-plea (6th Cir. ECF No. 31). Only in the alternative did she seek leave to amend the opening brief. *Id.* The Sixth Circuit decided the Motion to Dismiss on the merits and not based on some hypothetical procedural claim that DeVito had waived his voluntariness claim by not making it in his opening brief (6th Cir. ECF No. 33).

A criminal defendant is entitled by the Sixth Amendment to effective assistance of counsel on direct appeal. *Evitts v. Lucey*, 469 U.S. 387 (1985); *Penson v. Ohio*, 488 U.S. 75 (1988); *Mahdi v. Bagley*, 522 F.3d 631, 636 (6th Cir. 2008). Ineffective assistance of appellate counsel claims are measured against the *Strickland* standard. *Smith v. Robbins*, 528 U.S. 259, 285 (2000); *Burger v. Kemp,* 483 U.S. 776 (1987). To evaluate a claim of ineffective assistance of appellate counsel, then, the court must assess the strength of the claim that counsel failed to raise. *Henness v. Bagley*, 644 F.3d 308 (6th Cir. 2011), *citing Wilson v. Parker*, 515 F.3d 682, 707 (6th Cir. 2008). Counsel's failure to raise an issue on appeal amounts to ineffective assistance only if a reasonable probability exists that inclusion of the issue would have changed the result of the appeal. *Id.*, *citing Wilson.*

The Sixth Circuit's decision on the Motion to Dismiss clearly shows it found no merit in DeVito's claim that his plea, including the appeal waiver, was invalid. It cannot be ineffective assistance of appellate counsel to fail to make an argument that the appellate court decides is without merit. *A fortiori*, it cannot be ineffective assistance of appellate counsel to fail to make

that argument at some particular point in the appellate proceedings, especially when the appellate court has given no weight to the point in the proceedings when the argument was made.

Accordingly, DeVito's Second Ground for Relief is without merit and should be dismissed.

**Conclusion**

Based on the foregoing analysis, the Magistrate Judge respectfully recommends the Motion to Vacate be denied. Because reasonable jurists would not disagree with this conclusion, it is also recommended that Petitioner be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

May 17, 2021.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. #