# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

UNITED STATES OF AMERICA,

                Plaintiff,      :      Case No. 1:16-cr-115
                                                Also 1:21-cv-093

                                                District Judge Susan J. Dlott
-   vs  -                                  Magistrate Judge Michael R. Merz

RICHARD LEE DeVITO,

                Defendant.          :

## DECISION AND ORDER ON MOTION TO QUASH

This case is before the Court on Motion of Attorney Sarah Kovoor to Quash the subpoena served on her for appearance and testimony at a deposition in this case (ECF No. 134).

Upon the filing of that Motion, the Magistrate Judge postponed Attorney Kovoor's compliance to allow briefing on the Motion (ECF No. 135). Defendant and the United States were directed to file any memoranda not later than October 11, 2021, and Attorney Kovoor was granted until October 18, 2021, to file a reply memorandum in support. *Id.* On October 7, 2021, Defendant filed a Response in Opposition (ECF No. 136). The United States filed no memorandum and Attorney Kovoor has filed no reply memorandum. The Motion to Quash is therefore ripe for decision.

1

**Litigation History**

In the initial Report and Recommendations in this case, the Magistrate Judge recited the following history of this litigation:

> On December 21, 2016, Defendant was indicted by the grand jury for this District on one count of possession of child pornography and one count of production of child pornography (Indictment, ECF No. 10). DeVito initially retained Attorney Edward Perry and entered a not guilty plea before Magistrate Judge Karen Litkovitz on December 30, 2016 (Minute Entry, ECF No. 15). The case was assigned to District Judge Susan Dlott at the time of indictment. On January 19, 2017, Attorney Mark Jon Wieczorek replaced Mr. Perry and shortly thereafter Judge Dlott granted a joint motion to continue the trial from March to July, 2017 (ECF Nos. 17 & 18). On May 1, 2017, Adam Boyd Bleile replaced Attorney Wieczorek as DeVito's counsel (ECF No. 22). Two weeks later, Judge Dlott allowed William Butler, an attorney from Kentucky, to appear *pro hac vice* as co-counsel (ECF No. 23). Then on November 27, 2017, Messrs. Bleile and Butler withdrew, apparently because DeVito lacked funds to retain them further, and Attorney Candace Crouse, on recommendation of the Federal Defender, was appointed under the Criminal Justice Act (ECF Nos. 39, 41, and 42). Then on April 5, 2018, Sarah Kovoor was retained and replaced Attorney Crouse (ECF No. 48).
>
> On June 19, 2018, DeVito entered into a Plea Agreement with the United States (ECF No. 63) in which he agreed to plea guilty to one count of production of child pornography (¶ 1). He acknowledged that the minimum sentence would be fifteen years and the maximum thirty years (¶ 3(a)). He also waived his right to appeal unless the sentence exceeded the statutory maximum (¶ 10). DeVito pleaded guilty pursuant to the Plea Agreement the same day (Minute Entry, ECF No. 62; Transcript, ECF No. 80).
>
> A week before sentencing Attorney Kovoor attempted to withdraw because of DeVito's refusal to cooperate (ECF No. 87). Judge Dlott denied the motion (ECF No. 88) and proceeded on May 21, 2019, to

> sentence DeVito to the thirty-year sentence he is now serving (Minute Entry, ECF No. 89; Judgment, ECF No. 90).

(Report, ECF No. 125, PageID 988-89).

DeVito's First Ground for Relief in this pending § 2255 proceeding is that he suffered ineffective assistance of trial counsel when he received incorrect legal advice from Attorney Kovoor before pleading guilty. Although DeVito had many attorneys prior to his plea, he makes it clear it is Attorney Kovoor's alleged omission of discussion of the pseudo-counts that is the attorney conduct of which he complains. (Memorandum of Law in Support of § 2255 Motion to Vacate, (ECF No. 114-1, PageID 930, *et seq*.) This is corroborated by DeVito's Declaration under penalty of perjury which speaks only of Attorney Kovoor's advice (ECF No. 120).

Thus Attorney Kovoor's advice to DeVito is clearly at issue in this § 2255 proceeding. To obtain her testimony as to the advice she gave, the Magistrate Judge ordered that she be deposed and that Defendant serve her with a subpoena for that deposition (ECF No. 128). Defendant has done so, giving rise to the instant Motion to Quash.

Attorney Kovoor makes the Motion to Quash under both Fed. R. Crim. P.17(c)(2) and Fed.R.Civ.P. 45(d)(3)(A)(iii)(Motion, ECF No. 134, PageID 1038). Because a motion to vacate under 28 U.S.C. § 2255 is a civil matter, it is Fed.R.Civ.P. 45 which governs.

Attorney Kovoor first complains that the subpoena is untimely. *Id.* at PageID 1039. She correctly notes that the Magistrate Judge ordered her deposition on June 1, 2021, and Defendant repeatedly failed to set the deposition as ordered. However, those failures in no way prejudiced Attorney Kovoor and as she notes, she is neither a party to these proceedings nor counsel to a party, so she lacks standing to complain that the Court's scheduling orders have not been complied with. Her claim that complying places an undue burden on her schedule is moot because compliance has been postponed to permit consideration of this Motion to Quash.

3

Attorney Kovoor next argues that the subpoena seeks disclosure of "privileged and otherwise protected matter." *Id.* at PageID 1041.

First of all, she asserts, the content of plea negotiations should be kept confidential to protect the plea negotiation process. *Id.* at PageID 1041-42. For support of such a policy, she relies on *United States v. Verdoorn,* 528 F.2d 103 (8th Cir. 1976). In that case, the circuit court was ruling on the admissibility of plea negotiations in evidence at trial after the plea negotiations were unsuccessful. The court wrote:

> Plea bargaining is sanctioned by recent amendments to the Federal Rules of Criminal Procedure. See Fed.R.Crim.P. 11(e) (effective December 1, 1975). Further, Fed.R.Crim.P. 11(e)(6) (effective August 1, 1975) provides for the general inadmissibility of offers to plea and related statements in connection therewith. Under the rationale of Fed.R.Evid. 408, which relates to the general inadmissibility of compromises and offers to compromise, government proposals concerning pleas should be excludable.
>
> Plea bargaining has been recognized as an essential component of the administration of justice. 'Properly administered, it is to be encouraged.' *Santobello v. New York*, 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971). If such a policy is to be fostered, it is essential that plea negotiations remain confidential to the parties if they are unsuccessful. Meaningful dialogue between the parties would, as a practical matter, be impossible if either party had to assume the risk that plea offers would be admissible in evidence.

528 F.2d at 107. Other authority cited by Attorney Kovoor is not on point. *Solar Sources, Inc. v. United States,* 142 F.3d 1033, 1039 (7th Cir. 1998), is a Freedom of Information Act case.

In *United States v. El-Sayegh*, 131 F.3d 158 (D.C. Cir. 1997), the *Washington Post* sought access to a plea agreement which, although it had been filed, had not resulted in a plea. The D.C. Circuit held that the *Post* had neither a First Amendment nor a common law right of access to the document. The Plea Agreement in this case (ECF No. 63) is filed with restricted access. If it is

4

necessary to preserve the same interests which are reflected in that restriction, the Court will certainly consider restricting public access to the transcript of Ms. Kovoor's deposition on appropriate motion. But *El-Sayegh* does not support keeping plea negotiations confidential from the Court or from successor counsel.

In *United States ex rel. Underwood v. Genentech, Inc.*, 2010 WL 8917474 at *2 (E.D. Pa. 2010), Judge Diamond recognized the value of confidentiality of settlement negotiations and indeed, though he declined to take that step himself, recognized that the Sixth Circuit had created a settlement privilege. *Id.* at *1 citing *Goodyear Tire & Rubber Co. v. Chiles Power Supply, Inc.*, 332 F.3d 976, 980 (6th Cir.2003).

Assuming such a settlement privilege applies in criminal cases, Attorney Kovoor does not have authority to invoke it here. As she has pointed out she is both a non-party and former counsel. The settlement privilege, if it exists, belongs to the parties.

The same is true of the attorney-client communication privilege which Attorney Kovoor also invokes (Motion, ECF No. 134, PageID 1042-42). As the Magistrate Judge found in the original Order for Answer in this § 2255 proceeding

> A claim of ineffective assistance of counsel impliedly waives the privilege as to any attorney-client communications relevant to any such claim. *In re Lott,* 424 F.3d 446 (6th Cir. 2005); *Tasby v. United States*, 504 F.2d 332 (8th Cir. 1974); *Randall v. United States,* 314 F.2d 800 (10th Cir. 1963); *United States v. Ballard,* 779 F.2d 287 (5th Cir. 1986); *Laughner v. United States,* 373 F.2d 326 (5th Cir. 1967); *Crutchfield v. Wainwright,* 803 F.2d 1103 (11th Cir. 1986). The Court finds that Defendant has waived the attorney-client communication privilege for any communications relevant to his claims made in the § 2255 Motion.

(ECF No. 116, PageID 950). The Motion to Quash does not respond to any of this authority.

5

The Court notes that the implicit waiver is not a waiver of the attorney-client privilege generally or of the duty of attorneys to maintain in confidence information received from or about their clients. Instead, the waiver is only for communications relevant to DeVito's ineffective assistance of trial counsel claims.

Accordingly, the Motion to Quash is DENIED.

Counsel for the parties shall confer with Attorney Kovoor and one another in an attempt to negotiate a mutually convenient time and place for the deposition and report the results of that negotiation to the Court in writing not later than November 1, 2021. In the absence of agreement, the Court will select a time and place.

October 19, 2021.

s/ *Michael R. Merz*<br>United States Magistrate Judge