# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

UNITED STATES OF AMERICA,

        Plaintiff,    :    Case No. 1:16-cr-115
                                    Also 1:21-cv-093

                                      District Judge Susan J. Dlott
- vs -                            Magistrate Judge Michael R. Merz

RICHARD LEE DeVITO,

        Defendant.    :

## DECISION AND ORDER

This § 2255 proceeding is before the Court on Defendant's Motion for an Evidentiary Hearing (ECF No. 141) which the United States opposes (ECF No. 143). The time for Defendant to file a reply in support under S. D. Ohio Civ. R. 7.2 has expired and no reply has been filed.

DeVito bases his entitlement to a hearing on *Arredondo v. United States*, 178 F.3d 778 (6th Cir. 1999), which held "An evidentiary hearing is required unless 'the record conclusively shows that the petitioner is entitled to no relief.'" *Id.* at 782, *citing Blanton v. United States*, 94 F.3d 227, 235 (6th Cir.1996).

DeVito argues the record does not conclusively show that he is not entitled to relief because his declaration in support of the Motion conflicts with the deposition testimony of trial attorney Sarah Kovoor (ECF No. 141, PageID 1138-39). He would himself testify at any evidentiary hearing to the "matters in his declaration." *Id.* at PageID 140.

1

The United States opposes an evidentiary hearing. While admitting there are minor factual conflicts between DeVito's declaration and Attorney Kovoor's deposition testimony, the Government notes there are no contradictions by DeVito of Judge Crouse's affidavit and his declaration does not overcome the thorough Crim. R. 11 plea colloquy conducted by the District Court.

## Analysis

The Motion to Vacate was filed February 5, 2021 (ECF No. 114). After the Government filed an answer as ordered and Defendant, although represented by counsel, failed to file a reply, the Magistrate Judge recommended the Motion to Vacate be denied (Report and Recommendations, ECF No. 125). Defendant objected "to the R&R's conclusion that Ground One [ineffective assistance of trial counsel] should be denied on the merits without any statement or testimony from the attorney alleged to be ineffective [Sarah Kovoor]." (Objections, ECF No. 127, PageID 1000). DeVito asked for an evidentiary hearing at which Kovoor would testify. *Id.* DeVito also objected to the dismissal of Ground Two, ineffective assistance of appellate counsel, but not on a basis which assertedly needed additional factual development. *Id.* at PageID 1001-1003. The United States also objected on the basis of an asserted error in the Report about the order of arguments on appeal (Objections, ECF No. 126, PageID 996).

In response, the Magistrate Judge withdrew the Report on June 1, 2021, and ordered that DeVito take Attorney Kovoor's deposition "as promptly as possible" (Order, ECF No. 128. PageID 1006). The request for an evidentiary hearing was denied without prejudice: "Before setting the matter for an evidentiary hearing, it is in the interest of judicial economy to discover

what Attorney Kovoor has to say . . ." *Id.* Attorney Kovoor was deposed and the transcript filed shortly before DeVito renewed his request for an evidentiary hearing (ECF No. 139).

Rule 8(a) of the Rules Governing § 2255 Proceedings provides "If the motion is not dismissed, the judge must review the answer, and transcripts and records of prior proceedings, and any materials submitted under Rule 7 [expansion of the record] to determine whether an evidentiary hearing is warranted." Review of grant or denial of an evidentiary hearing is for abuse of discretion. *Pola v. United States*, 778 F.3d 525 (6th Cir. 2015), citing *Arredondo*. In *Pola* the Sixth Circuit found an abuse of discretion in denying an evidentiary hearing where the United States responded to a defendant's affidavit with mere "contrary representations." 778 F.3d at 533.

In this case the United States has responded to Defendant's Declaration with the sworn affidavit of the attorney who represented DeVito when the plea agreement was drafted. Furthermore, the Court has the transcript of the plea colloquy (ECF No. 80). Additionally, the Court has the deposition testimony of Attorney Kovoor, the attorney whose representation is challenged and whom Defendant said should be heard from, but Defendant has no intention of calling her as a witness at a hearing. For all that is said in the instant Motion, an evidentiary hearing would consist of DeVito's repeating his Declaration. The United States could of course cross-examine DeVito, but has not expressed a desire to do so, nor sought discovery of what he might say.

In the opinion of the Magistrate Judge, the record is well enough developed to permit a decision on the merits without an evidentiary hearing at which Defendant would merely repeat himself. While the law has a preference for in-person witness testimony, an in-person hearing would severely tax the Court's resources while the COVID-19 pandemic persists. For example, United States Marshal personnel serving the Southern District have been in recent months more

than thirty per cent below authorized staffing levels[1]. While in theory there is value for the fact finder in assessing credibility to have witnesses personally present, that value is minimal here where the witnesses are two attorneys[2] and an official court reporter in addition to the Defendant who will repeat his Declaration.

There is authority for the proposition that a district court need not conduct a full evidentiary hearing in habeas, but can take "the intermediate step of expanding the record to include discovery and documentary evidence, . . . even though it deprives the petitioner of the ability to cross-examine the state's witnesses to challenge their affidavits." *Williams v. Woodford,* 306 F.3d 665, 688-89 (9th Cir. 2002)[3]. Of course in this case DeVito has been given the opportunity to cross-examine Attorney Kovoor and has not sought to depose Judge Crouse.

In sum, because the Magistrate Judge believes this case can properly be decided on the record as expanded, Defendant's Motion for Evidentiary Hearing is DENIED.

January 24, 2022.

s/ *Michael R. Merz*
United States Magistrate Judge

---

[1] United States Marshal personnel are responsible for transporting federal prisoners on writs of habeas corpus ad testificandum. Even pre-pandemic they required at least a month's notice of a hearing requiring prisoner transport.
[2] One of those attorneys, Candace Crouse, is now a judge of the Ohio First District Court of Appeals. Some weight must be given to the comity interest in not interfering with the work of that court and hearing Judge Crouse through her affidavit.
[3] The *Williams* case arose under 28 U.S.C. § 2254 rather than § 2255. However, Rule 8(a) of the Rules Governing § 22454 Cases is completely parallel to the cognate § 2255 rule.