## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION AT CINCINNATI

UNITED STATES OF AMERICA,

            Plaintiff,    :    Case No. 1:16-cr-115
                                      Also 1:21-cv-093

                                      District Judge Susan J. Dlott
-   vs  -                           Magistrate Judge Michael R. Merz

RICHARD LEE DeVITO,

            Defendant.    :

## SUPPLEMENTAL REPORT AND RECOMMENDATION

This case is before the Court on Defendant's Objections (ECF No. 157) to the Magistrate Judge's Report and Recommendations (ECF No. 156) recommending Defendant's Motion to Vacate under 28 U.S.C. § 2255 (ECF No. 114) be denied. District Judge Dlott has recommitted the case for reconsideration in light of the Objections (ECF No. 158). The United States has not responded to the Objections and its time to do so has expired.

Defendant was indicted on one count of production of child pornography and one count of possession of child pornography. He was represented by a number of attorneys pre-trial, but Attorney Candace Crouse was able to negotiate a plea agreement whereby DeVito would plead to the production count and the other charge would be dismissed. Although it had not yet sought an

1

indictment on additional charges, the United States had developed sufficient evidence to indict and, in the opinion of DeVito's counsel convict, on twenty-five additional victims.

While represented by Attorney Sarah Kovoor, DeVito came to court on June 19, 2018. He expected a hearing on his motion to suppress. Instead he was advised that this would be his last chance to accept the negotiated plea agreement. If he did not, the United States was prepared to seek a superseding indictment. DeVito was persuaded that the result would be a sentence of life imprisonment. Although he pleaded guilty as agreed, he tried several times to withdraw the plea and appealed from Judge Dlott's refusal to allow the withdrawal. His plan at sentencing was to seek a minimum fifteen-year sentence, but he testified that even if he received that sentence, he would still have tried to withdraw his plea because he believed the plea offer had been rescinded and he was entitled to a hearing on his motion.

He did not plead that lack of a hearing as a ground for relief. Instead, he asserted through present counsel:

> **Ground One:** Counsel's Pre-Plea Performance Was Constitutionally Ineffective; But For Counsel's Errors, DeVito would not have pled guilty and would have proceeded to trial.

(Motion to Vacate, ECF No. 119, PageID 919).

This Supplemental Report analyzes the Objections in the order of the Grounds for Relief, rather than in the order they are presented in the Objections.

**Ground One:  Ineffective Assistance of Counsel in Plea Negotiations**

At the direction of the District Court, the undersigned conducted an evidentiary hearing on May 6, 2022. Defendant was the sole witness to appear on his side of the case. The sole witness

for the United States was Attorney[1] Candace Crouse. The key factual issue tried was whether DeVito had been properly advised by his counsel of the effect of twenty-five "pseudo-counts" for additional victims which would be used to calculate a Sentencing Guidelines score. On this issue the undersigned found Judge Crouse's testimony credible and DeVito's not credible. This finding grounded a recommendation to deny relief (Report, ECF No. 156, PageID 1277, *et seq*.).

DeVito objects to the Report's credibility determination, asserting it to "be at least partially motivated by DeVito's previous objection–which this Court sustained–to denying an evidentiary hearing". (Objections, ECF No. 157, PageID 1284). Not so. As Judge Dlott projected in ordering the evidentiary hearing, holding it gave the undersigned an opportunity to observe aurally[2] DeVito's demeanor. That is what led to the conclusion that his manner of answering questions was evasive.

DeVito also accuses the Magistrate Judge of accepting Judge Crouse's testimony over his own testimony because all criminal defendants are nervous when testifying and an attorney's testimony should not automatically be credited over that of her former client. Both of those propositions are plausible, but not controlling here. DeVito was not just "nervous"; the undersigned found he repeatedly (in the course of a short appearance) tried to answer the questions he wanted to answer, rather than the questions actually put to him. And of course competent and experienced counsel are likely not to be nervous. More importantly in judging counsel's credibility when she or he has been accused of ineffective assistance is whether there is evident effort at self-justification or excusing language; the undersigned found none of this in Judge Crouse's testimony.

---

[1] Since her appearance as counsel in this case, Ms. Crouse has been elected as a Judge of the Ohio First District Court of Appeals.
[2] The hearing had to be conducted without video.

3

At the end of this portion of the Objections, DeVito "requests the Court sustain his objection to the R&R's credibility determination based on the evidentiary hearing record" (Objections, ECF No. 157, PageID 1285). Both the Sixth Circuit and judges of this Court have held the credibility determination of a Magistrate Judge who has heard live testimony is entitled to deference. *Blankenburg v. Gray*, 2020 U.S. App. LEXIS 29871 (6th Cir. Sept. 17, 2020*); United States v. Williams,* 2019 U.S. Dist. LEXIS 169724 (S.D. Ohio Oct. 1, 2019)(Dlott, J.); *Blankenburg v. Warden*, 2019 U.S. Dist. LEXIS 167492 (S.D. Ohio Sep. 29, 2019)(Barrett, J.), citing *Peveler v. United States*, 269 F.3d 693, 702 (6th Cir. 2001). Indeed, the Eleventh and Ninth Circuits have held a magistrate judge's credibility findings in a report and recommendations cannot be reversed without first rehearing the disputed testimony. *United States v. Cofield*, 272 F.3d 1303 (11th Cir. 2001); *United States v. Thoms*, 684 F.3d 893 (9th Cir. 2012).

The Report also concluded that the Court's thorough plea colloquy foreclosed any claim of prejudice arising from any misinformation or lack of information DeVito may have obtained from counsel (ECF No. 156, PageID 1278-79). DeVito objects. He acknowledges that a thorough plea colloquy creates a presumption that the plea is valid, but it does not create an insurmountable barrier to relief. Instead, a plea that is the "product of such factors as *misunderstandings*, duress, or *misrepresentation by others* as to make the guilty plea a constitutionally inadequate basis for imprisonment." (Objections, ECF No. 156, PageID 1285, quoting *Blackledge v. Allison*, 431 U.S. 63, 75 (1997)).

DeVito has raised a theoretical possibility unsubstantiated by facts. He has not shown anyone misrepresented any relevant facts to him. He plainly understood how important the additional victims were: he negotiated directly with the Assistant United States Attorney in an unsuccessful effort to get the additional victims' names removed. The only threat to which he was

subjected was to indict him on additional counts which his own attorneys believed the Government could prove.

**Ground Two:  Ineffective Assistance of Appellate Counsel**

In his Second Ground for Relief, DeVito claimed his appellate attorney provided ineffective assistance of appellate counsel by not arguing the involuntariness of DeVito's guilty plea in his opening brief.  The Report treated this claim as abandoned because "it was not briefed and no testimony was offered in support." (ECF No. 156, PageID 1268).

DeVito does not contradict those two observations, but says he briefed this claim in his original § 2255 Motion and never thereafter explicitly abandoned it, so that it is now ripe for decision (Objections, ECF No. 157, PageID 1283).

The Magistrate Judge filed a Report and Recommendations early in the case which recommended the following as to the Second Ground for Relief:

> In his Second Ground for Relief, DeVito asserts he received ineffective assistance of appellate counsel when his appointed counsel, Attorney Kimberly Penix failed to claim in the opening brief that DeVito's guilty plea was involuntary. Admitting that she raised several non-frivolous arguments in that brief, DeVito claims she should have addressed his appellate waiver there as well in the opening brief (Supporting Memorandum, ECF No. 114-1, PageID 941). The Government moved to dismiss the appeal on the basis of the waiver. Attorney Penix then claimed the waiver was unenforceable because DeVito had not voluntarily waived his right to appeal regarding the pseudo counts. *Id.* DeVito now claims that the **order** in which his involuntariness-of-the-waiver argument was made to the Sixth Circuit constituted ineffective assistance of appellate counsel, i.e., that it would have been successful if made in the opening brief, but was unsuccessful because made later.

5

To evaluate this argument, it is necessary to examine the sequence of filings in the Sixth Circuit's Case No. 19-3525. Despite having waived his right to appeal, DeVito filed a Notice of Appeal in this Court on May 29, 2019 (ECF No. 93). The Notice of Appeal was docketed in the Sixth Circuit on June 5, 2019 (6th Cir. ECF No. 1). Appellate counsel for the United States entered his appearance the next day (6th Cir. ECF No. 2). Attorney Penix was appointed and entered her appearance June 17, 2019 (6th Cir. ECF No. 8, 9). On July 23, 2019, the Sixth Circuit set a deadline for appellant's brief of September 3, 2019 (6th Cir. ECF No. 25). Given a month's extension, Ms. Penix filed that brief on October 3, 2019 (6th Cir. ECF No. 28). It was only a week later that the United States moved to dismiss the appeal on the basis of the waiver (6th Cir. ECF No. 29).

Tellingly, Assistant United States Attorney Zouhary misstated the terms of the waiver, asserting it did not apply to claims of ineffective assistance of trial counsel or prosecutorial misconduct whereas those claims are not excepted in § 10 of the Plea Agreement. Although the Sixth Circuit had upheld blanket waivers, Attorney General Holder had directed United States Attorneys not to seek waivers of claims of ineffective assistance of trial counsel and prosecutorial misconduct. Despite all the other rollbacks of Obama Administration actions during the Trump Administration, the Magistrate Judge is not aware this policy was ever changed. Attorney Zouhary apparently believed it was still in effect in 2018 when DeVito pleaded.

Because the United States had not moved to dismiss on the basis of the waiver in the four months before Appellant's Brief was filed, Attorney Penix could reasonably have assumed either that the United States was not going to rely on the waiver or that if it did, she would get a chance to respond. She did indeed get the opportunity to respond and argued precisely what DeVito now says she should have argued in the opening brief: that his plea was not enforceable because it was not knowing, intelligent, and voluntary because the pseudo counts had not been revealed pre-plea (6th Cir. ECF No. 31). Only in the alternative did she seek leave to amend the opening brief. *Id.*

> The Sixth Circuit decided the Motion to Dismiss on the merits and not based on some hypothetical procedural claim that DeVito had waived his voluntariness claim by not making it in his opening brief (6th Cir. ECF No. 33).
>
> A criminal defendant is entitled by the Sixth Amendment to effective assistance of counsel on direct appeal. *Evitts v. Lucey*, 469 U.S. 387 (1985); *Penson v. Ohio*, 488 U.S. 75 (1988); *Mahdi v. Bagley*, 522 F.3d 631, 636 (6th Cir. 2008). Ineffective assistance of appellate counsel claims are measured against the *Strickland* standard. *Smith v. Robbins*, 528 U.S. 259, 285 (2000); *Burger v. Kemp,* 483 U.S. 776 (1987). To evaluate a claim of ineffective assistance of appellate counsel, then, the court must assess the strength of the claim that counsel failed to raise. *Henness v. Bagley*, 644 F.3d 308 (6th Cir. 2011), *citing Wilson v. Parker*, 515 F.3d 682, 707 (6th Cir. 2008). Counsel's failure to raise an issue on appeal amounts to ineffective assistance only if a reasonable probability exists that inclusion of the issue would have changed the result of the appeal. *Id.*, *citing Wilson.*
>
> The Sixth Circuit's decision on the Motion to Dismiss clearly shows it found no merit in DeVito's claim that his plea, including the appeal waiver, was invalid. It cannot be ineffective assistance of appellate counsel to fail to make an argument that the appellate court decides is without merit. *A fortiori*, it cannot be ineffective assistance of appellate counsel to fail to make that argument at some particular point in the appellate proceedings, especially when the appellate court has given no weight to the point in the proceedings when the argument was made.
>
> Accordingly, DeVito's Second Ground for Relief is without merit and should be dismissed.

(Report, ECF No. 125, PageID 992-950). Both the United States and the Defendant objected to this Report and the Magistrate Judge withdrew it to allow the deposition of Attorney Kovoor (ECF No. 128). Defendant never renewed those objections or re-briefed the issues involved with Ground Two. Having considered those earlier objections now, the Magistrate Judge stands by the analysis quoted above and again recommends Ground Two be dismissed on the merits.

7

**Conclusion**

Having reconsidered the case as instructed by the Recommittal Order, the Magistrate Judge again concludes the Motion to Vacate is without merit and should be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, it is also recommended that Petitioner be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. #

August 25, 2022.

s/ *Michael R. Merz*<br>United States Magistrate Judge