IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| United States of America, | : | |
| | : | Case No. 1:16-cr-115 |
| Plaintiff, | : | |
| | : | Judge Susan J. Dlott |
| v. | : | |
| | : | Order Denying Motion Under 28 U.S.C. |
| Richard Lee DeVito, | : | § 2255 to Vacate |
| | : | |
| Defendant. | : | |

Pending before the Court is Defendant Richard Lee DeVito's Motion Under 28 U.S.C. § 2255 to Vacate ("Motion to Vacate") his conviction and sentence. (Doc. 114.) DeVito alleges in the Motion to Vacate that his attorneys provided ineffective assistance of counsel in connection with his decision to plead guilty and during the appeal. Magistrate Judge Michael R. Merz held an evidentiary hearing on May 6, 2022, considered the parties' briefs, and then issued a Report and Recommendation ("R&R") and a Supplemental Report and Recommendation ("Supplemental R&R") in which he recommended dismissing both grounds for relief in the Motion to Vacate. (Docs. 156, 159.)[1] DeVito filed Objections to the Supplemental R&R. (Doc. 162.) Upon consideration of the facts and the law, the Court agrees with Magistrate Judge Merz that DeVito has not established that he received ineffective assistance of counsel. The Court will **OVERRULE** the Objections, **ADOPT** the Supplemental R&R, and **DENY** the Motion to Vacate.

I.     PROCEDURAL HISTORY

A.     **Indictment and Initial Pretrial Proceedings**

On December 21, 2016, DeVito was charged in an Indictment with one count of

---

[1] Magistrate Judge Merz issued Corrections to the Supplemental R&R as well. (Doc. 161.) References herein to the Supplemental R&R are intended to incorporate the Corrections.

1

production of child pornography and one count of possession of child pornography. (Doc. 10 at PageID 24–25.) He initially pleaded not guilty to the charges. (Doc. 15.) DeVito cycled through four retained attorneys from December 2016 until November 27, 2017 when Candace Crouse was appointed by the Court to represent him pursuant to the Criminal Justice Act. (Docs. 7, 17, 22, 23, 39.)[2]

**B.     Plea Negotiations and Motions Filed**

Attorney Crouse negotiated a plea agreement with the Government on DeVito's behalf. (Doc. 123-2 at PageID 983.) As part of the negotiations, she confirmed the likely offense level calculation under the Sentencing Guidelines with the Government and with a probation officer. (*Id.*) They all agreed the offense level calculation was 49. (*Id.*; Doc. 151 at PageID 1228.) As part of that calculation, the Government identified 25 additional victims who were not named in the Indictment but who would be relevant to his sentence calculation as pseudocounts. (Doc. 151 at PageID 1228–1229.) The pseudocounts were the basis for a five-level enhancement of the base offense level calculation. (*Id.* at PageID 1229.)

Attorney Crouse met with DeVito in jail to discuss the proposed plea agreement and the Sentencing Guidelines calculation. (*Id.* at PageID 1230.) She told him that both she and Government determined that the offense level calculation was 49. (Doc. 151 at PageID 1187, 1189, 1230.) Attorney Crouse showed DeVito her handwritten notes in which she set forth the calculation and the five-level enhancement arising from the pseudocounts. (*Id.* at PageID 1173, 1187–1188, 1230; Doc. 123-3 at PageID 984.) DeVito requested a copy of her handwritten notes, and she mailed a copy to him. (Doc. 151 at PageID 1187–1188, 1230.)

In approximately early April 2018, after Attorney Crouse negotiated the proposed plea

---

[2] Candace Crouse became a judge for the First District Court of Appeals in Ohio in 2019 after she completed her representation of DeVito. However, for simplicity and clarity in this case record, and without intending any disrespect to Judge Crouse, the Court will refer to her herein as Attorney Crouse.

agreement and discussed the plea and sentencing with DeVito at the jail, DeVito terminated her representation and retained Sarah Kavoor as his attorney. (Doc. 48.) DeVito terminated Attorney Crouse because she would not agree to file two pretrial motions on his behalf, but Attorney Kavoor agreed to file the motions. (Doc. 151 at PageID 1174–1176.) In fact, Attorney Kavoor filed the Motion to Dismiss Count One of the Indictment and the Motion to Suppress on April 30, 2018. (Docs. 49, 50.) She also moved for an evidentiary hearing on both motions. (Doc. 51.) The Court set a hearing on the motions for June 19, 2018. (Doc. 56.)

**C.     June 19, 2018 Hearing, Guilty Plea, and Sentencing**

On the day of the hearing, DeVito was told that the Government intended to file a superseding indictment charging him with counts related to other victims if he did not accept the proposed Plea Agreement before the motions hearing began. (Doc. 151 at PageID 1179–1181.) DeVito understood that he would serve the remainder of his life in prison—that he was "going to come out [of prison] in a coffin"—if he did not accept the Plea Agreement. (Doc. 151 at PageID 1179.)

The proposed Plea Agreement required DeVito to plead guilty to Count One of the Indictment—production of child pornography in violation of 18 U.S.C. § 2251(a) and (e). (Doc. 63 at PageID 204.) It explained that the statutory penalty for Count One was fifteen to thirty years of imprisonment. (*Id.*) It also incorporated a Statement of Facts providing the factual basis for the Count One charge, plus facts establishing that DeVito victimized at least twenty-five other minors:

> [U]sing the "ooVoo" application, Devito knowingly induced and persuaded [*sic*] at least 25 other minors to send him similar videos and photographs over the internet that depicted their genitalia or otherwise depicted them engaged in sexually explicit conduct. The minors were typically between the ages of 8 and 12.

(*Id.* at PageID 205, 210.) Finally, the Plea Agreement included a provision requiring DeVito to

3

waive the right to appeal the sentence imposed with limited exceptions:

> **Waiver of Appeal:** In exchange for the concessions made by the USAO in this plea agreement, the Defendant waives the right to appeal the sentence imposed, except if the sentence imposed exceeds the statutory maximum. However, this waiver shall not be construed to bar a claim by the Defendant of ineffective assistance of counsel or prosecutorial misconduct.

(*Id.* at PageID 207.)

DeVito asked the Assistant United States Attorney ("AUSA") to remove the reference to the twenty-five additional victims from the Statement of Facts in the Plea Agreement. (Doc. 151 at PageID 1190–1191, 1199–2000.) He testified that he "understood" that "if those 25 victims weren't included in the [S]tatement of [F]acts, [his] guideline range could be lower." (*Id.* at PageID 1190.) The AUSA refused to remove the reference to the twenty-five victims. (*Id.* at PageID 1190–1191.) Nonetheless, DeVito signed the Plea Agreement and agreed to plead guilty to Count One. (Doc. 63 at PageID 209.)

During the plea hearing, the Court asked DeVito to confirm his understanding that he faced a term of imprisonment from fifteen to thirty years as a consequence of his guilty plea. (Doc. 80 at PageID 252, 262.) The Court also asked DeVito to confirm that that he had, in fact, induced and persuaded at least twenty-five other minors to send him videos and images that depicted their genitalia or otherwise depicted them engaged in sexually explicit conduct. (*Id.* at PageID 270–272.) DeVito confirmed both. (*Id.* at PageID 252, 272.)

Additionally, the Court discussed with DeVito what he understood about the application of the Sentencing Guidelines:

> THE COURT: Then next, I want to explain to you the Court's method for determining your sentence to make sure that you understand the possible consequences of your plea. Your sentence will be determined by a combination of the advisory sentencing guidelines, any authorized departures from those guidelines, and a number of other statutory sentencing factors.

> Have you and Miss Kovoor talked about how the advisory sentencing guidelines might apply to your case?
>
> THE DEFENDANT: We've not talked about that.
>
> MS. KOVOOR: We have. We have.
>
> (Ms. Kovoor conferring with the defendant.)
>
> MS. KOVOOR: Your Honor, he is going to go have a presentence investigation where the --
>
> THE COURT: I'm sorry?
>
> MS. KOVOOR: He is going --
>
> THE COURT: Can you speak into the microphone?
>
> MS. KOVOOR: He is going to undergo a presentence investigation; correct?
>
> THE COURT: Yes, of course.
>
> MS. KOVOOR: Where the guidelines will be enumerated. We have discussed the guidelines.
>
> THE COURT: Have you discussed the guidelines, Mr. DeVito? In other words, there's a chart that your attorney probably showed you where it's got -- on one side it's got the offense level, whatever level this particular crime would have, and on another side of the equation it's got what your criminal history is, and you put all that together in a chart and you come up with an advisory sentencing guideline. Have you looked at something like that with Ms. Kovoor?
>
> THE DEFENDANT: I've looked at them in great length myself, Your Honor.
>
> THE COURT: I'm sorry?
>
> MS. KOVOOR: He's looked at that at great length himself.
>
> THE COURT: Okay. Thank you.

(*Id.* at PageID 254–256.) The Court then accepted DeVito's guilty plea. (*Id.* at 273–274.)

On May 21, 2019, the Court sentenced DeVito to thirty years of imprisonment. (Docs. 89, 94.)

**D.     Appeal**

DeVito filed an appeal in the Sixth Circuit Court of Appeals. (Doc. 93.) He was

5

represented by Kimberly Penix on the appeal. Attorney Penix did not address the appellate waiver provision contained in the Plea Agreement in the opening brief she filed in the Sixth Circuit. Rather, she simply argued that the Court had made substantive errors in sentencing DeVito. (*United States v. DeVito*, No. 19-3525, Doc. 28 (6th Cir. Oct. 3, 2019).) The Government responded by filing a Motion to Dismiss Appeal based on the appellate waiver provision in the Plea Agreement. (*Id.*, Doc. 29 (Oct. 10, 2019).) Attorney Penix filed a brief in opposition the Motion to Dismiss. (*Id.*, Doc. 31 (Oct. 21, 2019).) She argued that the appellate waiver should not be enforced because it was not knowing or voluntary, and she requested leave to amend her opening brief to address the issue. (*Id.*, Doc. 31 at 5, 8.) The Sixth Circuit rejected that argument and dismissed the appeal pursuant to the appellate waiver provision in the Plea Agreement. (*Id.*, Doc. 33-2 (Nov. 8, 2019).) Attorney Penix then filed a Petition for Reconsideration, but the Sixth Circuit denied that Petition as well. (*Id.*, Doc. 34 (Nov. 22, 2019); *Id.*, Doc. 35-2 (Dec. 11, 2019).)

**E.     Motion to Vacate**

On February 5, 2021, DeVito filed the pending Motion to Vacate. (Doc. 114.) DeVito asserts one claim for ineffective assistance of counsel at the June 19, 2018 change of plea hearing and one claim for ineffective assistance of appellate counsel for failing to argue the voluntariness of his guilty plea. (*Id.* at PageID 919–920.) Both claims arise from the allegation that his attorneys did not advise him that, despite formally pleading guilty to only one count of production of child pornography, he still could be sentenced as if he had been convicted of multiple pseudocounts under Sentencing Guideline 2G2.1(d)(1).[3] He claims that he would not

---

[3] Sentencing Guideine 2G2.1 applies to the sexual exploitation of a minor by production of sexually explicit visual or printed material. Subsection (d)(1) states as follows:

    (d) Special Instruction

6

have pleaded guilty had he understood the impact of the pseudocounts on the Sentencing Guidelines calculation. He asserts that lack of understanding made his guilty plea, and the Plea Agreement with its appellate waiver provision, unknowing and involuntary.

After the Government filed its Response, Magistrate Judge Merz filed his initial Report and Recommendation on May 17, 2021 recommending that both claims in the Motion to Vacate be denied on the merits. (Docs. 123, 125.) DeVito filed Objections arguing principally that the Magistrate Judge should have conducted an evidentiary hearing and allowed him to examine Attorney Kavoor as to the advice she gave him prior his guilty plea. (Doc. 127 at PageID 1000–1001.) Thereafter, Magistrate Judge Merz withdrew the initial Report and Recommendation and ordered that DeVito depose Attorney Kavoor. (Doc. 128.) Attorney Kavoor then was deposed on November 9, 2021. (Doc. 139-1.)

Subsequently, Magistrate Judge Merz held an evidentiary hearing on May 6, 2022 at which DeVito and Attorney Crouse testified by audio conference. (Doc. 151.) DeVito testified about his meeting at the jail with Attorney Crouse, his request for her notes about the Sentencing Guideline calculations and the pseudocounts, his decision to retain Attorney Kavoor, his request to the AUSA to remove the reference to the other twenty-five victims from the Statement of Facts, and why he pleaded guilty on June 19, 2018. Attorney Crouse testified about her normal procedures for engaging in plea negotiations and determining the likely Sentencing Guideline calculations, her representation of DeVito, and their discussion at the jail about the Sentencing Guideline calculations and pseudocounts.

On August 1, 2022, Magistrate Judge Merz issued the R&R recommending that the

---

      (1) If the offense involved the exploitation of more than one minor, Chapter Three, Part D (Multiple Counts) shall be applied as if the exploitation of each minor had been contained in a separate count of conviction.

U.S.S.G § 2G2.1(d)(1).

7

Motion to Vacate be denied. (Doc. 156.) He determined that the first claim—ineffective assistance of counsel in regard to the guilty plea—failed on the merits. (*Id.* at PageID 1279.) He further determined that the second claim—ineffective assistance of appellate counsel on appeal—had been abandoned because "it was not briefed and no testimony was offered in support." (*Id.* at PageID 1268.) DeVito, represented by counsel, filed Objections to the R&R. (Doc. 157.) He argued that his first claim should not have been denied on the merits, and he disputed that he had abandoned the second claim for relief. Magistrate Judge Merz then issued the Supplemental R&R on August 26, 2022 again recommending that both claims for relief be denied. (Doc. 159.) Finally, he issued Corrections regarding two factual misstatements in the Supplemental R&R that were not material to the core recommendations. (Doc. 161.) DeVito filed Objections to the Supplemental R&R on September 7, 2022. (Doc. 162.)

## II.     STANDARDS OF LAW

Magistrate judges are authorized to decide dispositive and non-dispositive matters pursuant to 28 U.S.C. § 636 and Rule 72 of the Federal Rules of Civil Procedure. The district judge must conduct a de novo review of a magistrate judge's recommendation on a dispositive motion when an objection is filed. *Baker v. Peterson*, 67 F. App'x 308, 310 (6th Cir. 2003) (citing 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b)). "The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1) (substantially similar).

Section 2255 provides that a federal prisoner may move to vacate, set aside, or correct his sentence when it is "imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255(a). It instructs a district court to "grant a prompt hearing thereon, determine the

issues and make findings of fact and conclusions of law" unless the case record "conclusively show[s] that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b).

## III. ANALYSIS

### A. First Ground for Relief

In the first ground for relief, DeVito asserts that he would not have pleaded guilty but for the ineffective assistance of his legal counsel. To prove a constitutional claim for ineffective assistance of counsel sufficient to reverse a conviction, the defendant must show both that (1) "counsel's performance was deficient" and (2) "the deficient performance prejudiced the defendant." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). DeVito must establish preliminarily that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* The Magistrate Judge determined that this claim failed on the merits.

The core of DeVito's claim is that neither Attorney Crouse nor Attorney Kavoor adequately explained to him how the pseudocounts could be used to enhance his sentence under the Sentencing Guidelines. He testified at the May 6, 2022 evidentiary hearing testimony that Attorney Crouse merely provided him with a copy of her handwritten notes about the Guidelines calculation, but she did not discuss the Guidelines with him or how they applied to his case. (Doc. 151 at PageID 1188–1189.) DeVito also testified that Attorney Kavoor did not discuss with him the effect of the pseudocounts on his sentence before he pleaded guilty. (Doc. 151 at PageID 1183–1184.) He further asserted that he would have proceeded to trial if Attorney Kavoor had discussed the impact of the pseudocounts with him. (*Id.* at 1184.)

These narrow assertions, however, do not overcome DeVito's own statements and testimony that amply demonstrate that he understood the impact of the pseudocounts and the

9

applicable Sentencing Guidelines calculation before he pleaded guilty. The Statement of Facts in the Plea Agreement to which he agreed discussed that he had induced twenty-five other minors to send him images or videos that depicted their genitalia or depicted them engaged in other sexually-explicit conduct. (Doc. 63 at PageID 205, 210.) He confirmed these facts again on the record at his plea hearing. (Doc. 80 at PageID 270–272.) Finally, he confirmed at the May 26, 2022 evidentiary hearing that he understood that the inclusion of the pseudocounts increased the Guidelines calculation based on his review of Attorney Crouse's handwritten notes.

> Q. So specifically in [Attorney] Crouse's notes that she sent you a copy of, do you see the part at the top that says 25 additional victims, pseudocounts used to increase guidelines?
>
> A. I do see that. I also see --
>
> Q. You can read and write; is that correct?
>
> A. I can read and write. But I also see where it says if not in statement of facts. And based on her notes, it looked to the five points at the bottom that are tied to it are not in the statement of facts were not included in that number. So again, it was these subtle --
>
> Q. So you understood that to mean that if those 25 victims weren't included in your statement of facts, your guideline range could be lower?
>
> A. Yes.

(Doc. 151 at PageID 1189–1190.)

In fact, DeVito asked the AUSA to remove the reference to the twenty-five additional minor victims from the Statement of Facts on the day he pleaded guilty. (*Id.* at PageID 1190.) He testified that the AUSA refused to remove the additional victims, but he still signed the Plea Agreement. (*Id.* at PageID 1191.) DeVito's testimony is consistent with the testimony of Attorney Crouse at the evidentiary hearing that she reviewed her handwritten notes and explained the Guidelines calculation with DeVito when she met with him in prison. (*Id.* at PageID 1230.)

Finally, there is substantial evidence that DeVito understood that he faced a sentence of fifteen years to thirty years of imprisonment if he pleaded guilty regardless of whether he understood the specific impact of the psuedocounts on that sentencing range. The following exchanges took place at the sentencing hearing:

> THE COURT: All right. Then, next, I want to talk with you about the possible consequences of your plea. Do you understand that the maximum penalty under Count 1 is a term of a minimum of 15 years imprisonment but not more than 30 years imprisonment --
>
> THE DEFENDANT: Yes.
>
> * * *
>
> THE COURT: Do you understand that if the Court accepts your plea of guilty, it can impose the maximum penalties?
>
> THE DEFENDANT: Yes.

(Doc. 80 at PageID 252.) Additionally, the Plea Agreement that DeVito signed explained the Court would have discretion to sentence him anywhere within the range of fifteen to thirty years of imprisonment. (*Id.* at 262, 266–267; Doc. 63 at PageID 204, 208.)

For these reasons, the Court finds that DeVito has not established that his attorneys rendered constitutionally-deficient representation to him in connection with his decision to plead guilty. He made his plea with full knowledge and understanding about the sentence he faced. The Court will deny the first ground for relief on the merits.

**B.      Second Ground for Relief**

In the second ground for relief, DeVito asserts that his appellate counsel, Attorney Penix, rendered ineffective assistance of counsel by not arguing that the appellate waiver provision in the Plea Agreement had been involuntary. The Magistrate Judge first concluded that this ground for relief had been abandoned, but following DeVito's initial Objections, he concluded in the Supplemental R&R that it failed on the merits. (Doc. 156 at PageID 1268; Doc. 159 at PageID

1293–1295.)

"[T]he failure of counsel to raise a meritorious issue can amount to constitutionally ineffective assistance." *Henness v. Bagley*, 644 F.3d 308, 317 (6th Cir. 2011). "To evaluate a claim of ineffective assistance of appellate counsel, then, the court must assess the strength of the claim that counsel failed to raise." *Id.* "Counsel's failure to raise an issue on appeal amounts to ineffective assistance only if a reasonable probability exists that inclusion of the issue would have changed the result of the appeal." *Id.* "[B]y definition, appellate counsel cannot be ineffective for a failure to raise an issue that lacks merit." *Greer v. Mitchell*, 264 F.3d 663, 676 (6th Cir. 2001). Here, for the reasons explained below, the Court agrees with Magistrate Judge Merz that the Sixth Circuit necessarily found that the appellate waiver provision in the Plea Agreement was knowing and voluntary when it dismissed DeVito's appeal.

DeVito contends that Attorney Penix did not argue in the appellate briefs before the Sixth Circuit that the appellate waiver provision in the Plea Agreement had been involuntary, but instead only requested leave to amend the opening brief to make that argument. The Court disagrees. Attorney Penix expressly argued to the Sixth Circuit that a court can "not enforce a defendant's waiver of appellate rights where the waiver is not knowing and voluntary." (*United States v. DeVito*, No. 19-3525, Doc. 31 at 5 (6th Cir. Oct. 21, 2019).) She further argued on DeVito's behalf that his plea was not knowing or voluntary because the Government provided additional facts and details concerning the pseudocounts during sentencing proceedings that had not been explicitly set forth in the Statement of Facts in the Plea Agreement. (*Id.*, Doc. 31 at 4–8.)

The Sixth Circuit rejected this specific argument:

The record establishes that the district court complied with Rule 11, and DeVito does not argue otherwise. Rather, *DeVito argues that his appellate waiver was*

12

> *unknowing and involuntary because the presentence report, which held him responsible for conduct not described in the parties' stipulation of facts, had not yet been prepared and disclosed. Our precedent, however, requires us to reject this argument. See, e.g., United States v. Tutt*, 165 F.3d 29, at *3 (6th Cir. 1998) (per curiam) (Table). *We have also upheld appellate waivers, like DeVito's, that broadly foreclose appeals from the district court's sentencing decision. See United States v. Beals*, 698 F.3d 248, 255–56 (6th Cir. 2012).
>
> *DeVito's valid appellate waiver precludes him from appealing his sentence unless it exceeds the statutory maximum sentence of thirty years. He was sentenced to that statutory maximum. His appeal—challenging the district court's consideration of facts not found by a jury or admitted by him and the district court's application of USSG § 2G2.1(d)(1)—is therefore precluded by his appellate waiver.*

(*Id.*, Doc. 33-2 at Page 2 (emphasis added).)[4] Attorney Penix filed a Petition for Reconsideration arguing that the Sixth Circuit had misconstrued her argument, but the Sixth Circuit denied it. (*Id.*, Docs. 34, 35-2.) The Court concludes that because the Sixth Circuit expressly determined that appellate waiver provision in the Plea Agreement was not involuntary, Attorney Penix did not render ineffective assistance of counsel by failing to raise the issue. The Court will deny the second ground for relief on the merits as well.

**C.     Certificate of Appealability**

Rule 11 of the Rules Governing Section 2254 Proceedings requires this Court to determine whether to grant or deny a certificate of appealability. The certificate of appealability should only be issued if the defendant "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "That means showing that reasonable jurists could debate whether relief should have been granted." *Moody v. United States*, 958 F.3d 485, 488 (6th Cir. 2020) (internal quotation and citation omitted). Here, the Court finds that reasonable jurists would not debate whether relief should have been granted because DeVito has not made a

---

[4] During the plea colloquy at his plea hearing, DeVito agreed that no one threatened him to accept the Plea Agreement, except to the extent that the Government stated that it would file a superseding indictment if he did not plead guilty. (Doc. 80 at PageID 267–268.) He also agreed that he was "pleading guilty of [his] own free will because [he] was guilty." (*Id.* at PageID 268.)

13

substantial showing that his constitutional rights were denied. The Court will not issue a certificate of appealability.

IV. **CONCLUSION**

For the foregoing reasons, the Motion to Vacate (Doc. 114) is **DENIED**, the Supplemental R&R (Doc. 159) is **ADOPTED**, and the Objections (Doc. 162) are **OVERRULED**. The Court **DECLINES** to issue a certificate of appealability. The Clerk of Court is **DIRECTED** to enter judgment for the Government and close the case.

**IT IS SO ORDERED.**

BY THE COURT:

S/Susan J. Dlott
Susan J. Dlott
United States District Judge